EL PUEBLO DE PUERTO RICO, apelado, *v.* ROBERTO FRAGOSO SIERRA, acusado y apelante.

*Número:* M-80-1     *Resuelto:* 31 de marzo de 1980

*Heyda Vigil McClin* y *Enrique Vélez Rodríguez,* abogados del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El 2 de julio de 1979, tras juicio por jurado, se sentenció al acusado a una pena de siete a diez años de presidio, reducida luego a una de cuatro a diez años.

El 10 de julio de 1979 el acusado radicó un escrito de apelación ante la sala sentenciadora. No se notificó este escrito al Tribunal Supremo hasta el 4 de enero de 1980.

El Ministerio Público presentó una moción para desestimar la apelación por incumplimiento del segundo párrafo de la Regla 194 de Procedimiento Criminal, la cual dispone que todo recurso de apelación se formalizará:

"El apelante deberá radicar en o remitir por correo certificado copia del escrito de apelación a la secretaría del Tribunal de Apelación dentro de las cuarenta y ocho (48) horas siguientes a la radicación del escrito en el tribunal sentenciador y deberá notificar al fiscal la presentación del escrito de apelación dentro del término para apelar. La notificación al fiscal se hará en la forma provista en estas reglas, salvo lo que se dispone en la regla siguiente."

La Oficina del Procurador General argumenta que el término de 48 horas que fija el citado párrafo de la regla es de carácter jurisdiccional.

La disposición que nos ocupa fue añadida por la Ley Núm. 77 de 23 de junio de 1978. Esta enmienda a la Regla 194 fue auspiciada por este propio Tribunal. En la carta de 14 de marzo de 1978 en que se solicitó del señor Presidente del Senado la radicación de la medida se expresó la deseabilidad "de que cuando se inste una apelación, una copia del escrito de apelación sea radicada en la Secretaría del tribunal de apelación, de modo que éste quede enterado inmediatamente de la radicación del recurso y pueda así asumir su jurisdicción supervisora". Se añadió:

"El Tribunal Supremo en pleno entiende que esta medida es necesaria para que se pueda ejercer una continua función supervi-

sora en relación con los recursos apelativos que se presentan ante los tribunales de apelación."

Esta carta incluía un borrador de anteproyecto que, con leves cambios, se convirtió en ley.

■ En la Exposición de Motivos de este borrador y en la referida ley resultante se reiteró el propósito expuesto:

"Los tribunales de apelación deben ejercer una continua función supervisora en relación con los recursos apelativos que se presentan ante ellos. El control del trámite apelativo debe iniciarse desde el momento mismo de la presentación del escrito de apelación. Es por ello necesario que una copia del escrito de apelación se radique en la Secretaría del Tribunal de Apelación, de modo que éste quede enterado inmediatamente de la existencia del recurso y pueda así asumir su jurisdicción supervisora."

La razón de esta medida era a todas luces permitirle al tribunal tomar las medidas necesarias para acelerar debidamente el trámite apelativo, el cual se dilataba a veces, por ausencia de control, de modo tal que podían derrotarse los fines de la justicia. [1] La ley no obedecía al propósito de erigir otra barrera jurisdiccional más. El objetivo era establecer una norma de riguroso cumplimiento para vitalizar la función supervisora de los tribunales de apelación. El debate del proyecto también ilustra que el plazo de 48 horas no era jurisdiccional. El 2 de mayo de 1978 ocurrió el siguiente intercambio en la Cámara:

"SR. VICEPRESIDENTE: Señor Representante Santiago García.

SR. SANTIAGO GARCÍA: Para ver si el compañero Martínez Colón nos puede contestar dos o tres preguntas de este Proyecto.

SR. VICEPRESIDENTE: Yo le voy a pedir al compañero—las va a hacer, pero—que se dirija a través de la Presidencia para que se sepa.

SR. SANTIAGO GARCÍA: Cómo no.

---

[1] Esta es una práctica recomendada en diversos estudios. Véase: A.B.A. Commission on Standards of Judicial Administration, *Standards Relating to Appellate Courts*, 1977, standard 3.13(4)(b), pág. 31.

SR. VICEPRESIDENTE: ¿Las acepta el compañero Martínez Colón?

SR. MARTÍNEZ COLÓN: Sí.

SR. VICEPRESIDENTE: Adelante.

SR. SANTIAGO GARCÍA: Compañero Martínez Colón, el término que se dispone en esta medida de cuarenta y ocho (48) horas para radicar o remitir por correo certificado copia del escrito de apelación al Tribunal de Apelación; ese término, ¿es un término jurisdiccional o es un término meramente directivo?

SR. MARTÍNEZ COLÓN: No es jurisdiccional.

SR. SANTIAGO GARCÍA: ¿Es un término de caducidad o es un término directivo?

SR. MARTÍNEZ COLÓN: Es directivo.

SR. SANTIAGO GARCÍA: ¿Quiere decir, entonces, que aunque debe ser de cumplimiento y observarse por todas las personas o los abogados que radiquen los escritos, si por alguna razón meritoria no se cumpliere con ese término, no tiene el efecto de dejar sin jurisdicción al Tribunal de Apelación?

SR. SANTIAGO GARCÍA: Así es." (2)

■ En vista de lo expuesto, resolvemos que el plazo de 48 horas a que se refiere el segundo párrafo de la Regla 194 de Procedimiento Criminal no constituye un término de índole jurisdiccional, pero sí del más estricto cumplimiento. Adviértase la referencia que se hace en la Exposición de Motivos de la ley a la necesidad de que el tribunal apelativo "quede enterado *inmediatamente* de la existencia del recurso". (Bastardillas nuestras.) No se permitirá desviación alguna del plazo de 48 horas, so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad. De otro modo se imposibilitaría por entero la labor supervisora de este Tribunal y quedaría en pía exhortación el mandato del segundo párrafo de la Regla 194 de Procedimiento Criminal.

En el caso de autos la dilación ocurrida fue en exceso de

---

(2) *Diario de Sesiones—Cámara*—mecanografiado, págs. 44–46.

cinco meses. No se nos ha justificado, y posiblemente no sea justificable bajo consideración alguna, tan extraordinaria tardanza.

*Se deniega la moción de reconsideración que interpuso el apelante contra la resolución que dictamos el 17 de enero de 1980 en que desestimamos la apelación.*