LUCÍA MORALES, ETC., demandantes y recurridos, *v.* LUIS MÉNDEZ MÁS, ETC., demandados y peticionarios.

*Número:* O-80-141      *Resuelto:* 16 de junio de 1980

*José T. Marrero Rivera,* abogado de los peticionarios; *Alma Delgado Vda. de Torres,* abogada de los recurridos.

PER CURIAM:   Los peticionarios apelaron el 14 de mayo de 1979 al Tribunal Superior de una sentencia emitida el 3 de mayo por el Tribunal de Distrito. La copia del escrito de apelación nunca fue presentada, dentro o fuera del término que especifica la Regla 53.1(a) de Procedimiento Civil, (¹) en la secretaría del tribunal de apelación.

El Tribunal Superior desestimó el recurso por estimar que la radicación en su secretaría del escrito de apelación era un requisito jurisdiccional. El 10 de abril de 1980 dictamos orden de mostrar causa por la cual no debe aplicarse a este caso el principio expuesto en *Pueblo* v. *Fragoso Sierra,* 109 D.P.R. 536 (1980).

La Regla 53.1(a) de Procedimiento Civil y la enmienda a la Regla 194 de Procedimiento Criminal (²) envuelta en

---

(¹) La Regla 53.1(a) disponía lo siguiente:

"(a) La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia."

La nueva Regla 53.1(a) no enmendó la disposición citada.

(²) La Regla 194 provee en parte:

"El apelante deberá radicar en o remitir por correo certificado copia del escrito de apelación a la secretaría del Tribunal de Apelación dentro de las

*Fragoso Sierra* fueron iniciadas por este Tribunal. Sobre la segunda expresamos en *Fragoso Sierra:*

"La razón de esta medida era a todas luces permitirle al tribunal tomar las medidas necesarias para acelerar debidamente el trámite apelativo, el cual se dilataba a veces, por ausencia de control, de modo tal que podían derrotarse los fines de la justicia. La ley no obedecía al propósito de erigir otra barrera jurisdiccional más. El objetivo era establecer una norma de riguroso cumplimiento para vitalizar la función supervisora de los tribunales de apelación. . . ." Pág. 538.

El informe de la Comisión de lo Jurídico del Senado sobre la propuesta Regla 53.1(a) de Procedimiento Civil expone:

"El propósito de la medida es agilizar el procedimiento de apelación de modo que los Tribunales de Apelación queden enterados de la existencia del recurso y puedan asumir su función supervisora inmediatamente." (³)

El mismo concepto se expone en nuestra carta de 14 de marzo de 1978 al señor Presidente del Senado, citada en *Fragoso Sierra.* Esta carta es la que transmite a la Asamblea Legislativa tanto la enmienda a la Regla 194 de Procedimiento Criminal como la enmienda a la Regla 53.1(a) de Procedimiento Civil. Los motivos que expresa este Tribunal para la aprobación de ambas medidas son idénticos. No hay constancia indicativa en el historial legislativo de la Regla 53.1(a), de que fue el propósito de este cuerpo establecer como requisito jurisdiccional la presentación en secretaría del escrito de apelación.

Resolvemos, en consecuencia, que el plazo que requiere la Regla 53.1(a) para la radicación de la copia del recurso en la secretaría del tribunal de apelación, no es de

---

cuarenta y ocho (48) horas siguientes a la radicación del escrito en el tribunal sentenciador y deberá notificar al fiscal la presentación del escrito de apelación dentro del término para apelar. La notificación al fiscal se hará en la forma provista en estas reglas, salvo lo que se dispone en la regla siguiente."

(³) Informe de la Comisión de 24 de mayo de 1978 sobre el P. de la C. 793, que se convirtió en la Ley Núm. 23 de 10 de junio de 1978.

naturaleza jurisdiccional, aunque sí, según afirmamos en *Fragoso Sierra*, de estricto cumplimiento. No permitiremos presentaciones tardías de copia de ningún recurso en la secretaría del tribunal de apelación, a menos que la demora ocurrida se justifique detalladamente y a cabalidad.

En el caso de autos no sólo hubo demora injustificada, sino total incumplimiento con la Regla. *Se expide, por tanto, el auto y se confirmará la sentencia de la que se recurre.*