MARTA GONZÁLEZ SANTOS, querellante y recurrida, *v.* BOURNS PUERTO RICO, INC., querellada y peticionaria.

Número: CE-89-200      Resuelto: 19 de diciembre de 1989

*Pedro Pumarada* y *Carlos Lugo-Fiol,* de *Fiddler, González & Rodríguez,* abogados de la peticionaria; *Juan José Vera González,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

El presente recurso nos brinda la oportunidad de pautar normas sobre el procedimiento de apelación, en casos civiles, del Tribunal de Distrito al Tribunal Superior. Al hacerlo nos guían los objetivos siguientes: (1) asegurar el efectivo y adecuado ejercicio del derecho de apelación de las

partes; (2) lograr que el tribunal apelativo quede en posición adecuada para ventilar las apelaciones, y (3) evitar dilaciones innecesarias en el trámite apelativo. En esta tarea los abogados y los tribunales deben cumplir celosamente con las normas aquí pautadas para el logro de tales objetivos y para que, sobre todo, el derecho de apelar de las partes no se frustre por defectos procesales.

El 1ro de septiembre de 1987 la Sra. Marta González Santos (recurrida) instó demanda alegando despido injustificado bajo la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185a *et seq.*) en el Tribunal de Distrito de Cayey, Puerto Rico. La Bourns Puerto Rico, Inc. (en adelante Compañía) era su patrono. La Compañía contestó oportunamente alegando que el despido fue por justa causa, ya que la recurrida había violado las normas contenidas en el Reglamento de Conducta para su personal.[1] Luego de varios trámites procesales se celebró la vista en su fondo.

El *14 de abril de 1988* el Tribunal de Distrito emitió sentencia que desestimó la demanda al concluir que el despido estuvo justificado ante la gravedad de la falta en que incurrió la recurrida. Esta sentencia fue archivada en autos el *15 de abril de 1988*.

El *16 de mayo de 1988* la recurrida presentó ante el Tribunal de Distrito un escrito titulado "Sentencia de la que se solicita apelación". En el mismo, luego de hacer una breve relación de los hechos, solicitó al Tribunal de Distrito que lo aceptara como escrito de apelación y le concediera "término para escuchar las gra[b]aciones del día de la vista y así poder hacer nuestras alegaciones . . .". Anejo G, pág. 0017. Este documento fue notificado a la Compañía el 24 de mayo de

---

[1] Según la compañía Bourns Puerto Rico, Inc., la recurrida había abandonado su empleo al no personarse a trabajar ni excusar su ausencia, luego de expirada una licencia por enfermedad que le fuera concedida. Ello violaba el Reglamento de Conducta de esta compañía.

1988.(²) Copia del mismo nunca fue presentado en el Tribunal Superior.

El *13 de junio de 1988* la recurrida presentó al Tribunal de Distrito una exposición narrativa en la que hace una relación de hechos, unos señalamientos de errores y una discusión de los errores planteados. Este escrito tampoco fue notificado al Tribunal Superior. La Compañía fue notificada del mismo el *16 de junio de 1988* y, oportunamente, se opuso al escrito.

El Tribunal de Distrito emitió una orden que aprobó la exposición narrativa el 17 de agosto de 1988.

No es hasta el *13 de septiembre de 1988* que se presentan los autos de apelación en el Tribunal Superior, Sala de Guayama. La Compañía presentó una moción mediante la cual solicitó la desestimación del recurso de apelación. Adujo en la misma que el Tribunal Superior carecía de jurisdicción para entender en el recurso de apelación "por [é]ste haber sido presentado en clara violación de las disposiciones de las Reglas 4 y 5 [de] Apelación del Tribunal de Distrito al Tribunal Superior, [4 L.P.R.A. Ap. III-A,] y de la Regla 53 [de] Procedimiento Civil de 1979[, 32 L.P.R.A. Ap. III]". Petición de *certiorari*, pág. 3.

La recurrida se opuso a la desestimación alegando que las Reglas 4 y 5 de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, son directrices y no jurisdiccionales, que existía justa causa para que a la apelante (aquí peticionaria) no se le privara de su derecho a apelar y que el Tribunal de Distrito le había concedido término para escuchar las grabaciones y presentar sus alegatos en este caso.

El 4 de noviembre de 1988 el Tribunal Superior emitió resolución que declaró sin lugar la moción de desestimación.

---

(²) Así surge del matasellos del correo ordinario impreso en el sobre donde el representante legal de la recurrida notificó tal moción a la peticionaria.

Sostuvo el Tribunal Superior que las alegaciones sobre jurisdicción aducidas por la Compañía fueron traídas tardíamente a su consideración.

La Compañía presentó su alegato. El 9 de febrero de 1989 el Tribunal Superior emitió la sentencia objeto de este recurso, en la cual revoca la emitida anteriormente por el Tribunal de Distrito.

La Compañía acude ante nos imputando errores al Tribunal Superior:

A. . . . al considerar en sus méritos el recurso de revisión instado por la recurrida, por carecer de jurisdicción para ello . . . .

B. . . . al revocar al Honorable Tribunal de Distrito, determinando que el despido de la recurrida no fue justificado. Petición de *certiorari*, pág. 4.

Mediante trámite de mostrar causa, revisamos la sentencia dictada por el Tribunal Superior.

El 22 de mayo del año en curso compareció la recurrida mediante memorando en oposición a la expedición del auto de *certiorari*, en conformidad con lo establecido en la Regla 21(j) de nuestro Reglamento, 4 L.P.R.A. Ap. I-A. En su escrito no hace referencia a la orden de mostrar causa notificada el 4 de mayo.

Por haber transcurrido en exceso el término para cumplir la orden de mostrar causa sin que se nos solicitara prórroga, consideraremos el escrito en oposición a la expedición de *certiorari* como su contestación a lo ordenado.

La Compañía presentó réplica al escrito en oposición a la expedición del *certiorari*. Estamos en posición de resolver y así lo hacemos.

I

Por ser crucial a la controversia ante nos discutiremos, en primer lugar, la cuestión jurisdiccional del Tribunal Supe-

rior. Por considerar que dicho foro actuó sin jurisdicción, revocamos la sentencia dictada y aquí recurrida.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952 (4 L.P.R.A. sec. 1 *et seq.*) dispone que cualquier parte perdidosa en un pleito civil originado en el Tribunal de Distrito tiene derecho a apelar cualquier sentencia final ante el Tribunal Superior. 4 L.P.R.A. sec. 122. Esta sección de la ley expresamente le concedió la facultad a este Tribunal para promulgar las reglas que regirán el procedimiento en las apelaciones del Tribunal de Distrito al Tribunal Superior, tanto en casos civiles como criminales. En el ejercicio de esa facultad, el 1ro de octubre de 1979 adoptamos unas nuevas reglas para las apelaciones del Tribunal de Distrito al Tribunal Superior. 4 L.P.R.A. Ap. III-A.

El modo y el contenido para formalizar el escrito de apelación está regulado por las Reglas 4 y 5 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra.*

El término para presentar la apelación en el Tribunal de Distrito está, a su vez, regulado por la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra.* Dicho término es de treinta (30) días contados a partir del archivo en autos de copia de la notificación de la sentencia. Regla 53.1 de Procedimiento Civil, *supra; Rodríguez Negrón v. Morales García,* 105 D.P.R. 877, 878–879 (1977); *Srio. del Trabajo v. Gómez Hnos., Inc.,* 113 D.P.R. 204, 207–208 (1982) (en reconsideración); Calderón y Rivé, *Manual de Procedimientos Apelativos,* XXI (Núm. 1) Rev. Jur. U.I.A. 198 (1987). El mismo se interrumpe conforme a lo dispuesto en la Regla 53.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ La presentación del escrito de apelación en el Tribunal de Distrito dentro del término de treinta (30) días es de carácter jurisdiccional.

■ Además, conforme a lo dispuesto en la Regla 53.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, el apelante debe notificar a la otra parte o a su abogado de récord la presentación del escrito en el Tribunal de Distrito dentro de ese término de treinta (30) días para apelar. Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*; Calderón y Rivé, *supra*, pág. 202; I.N. Rivera, *Las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior: un señalamiento de errores*, 6 (Núm. 2) Boletín Judicial 2 (1984). Éste también es un requisito jurisdiccional. *Ramos v. Condominio Diplomat*, 117 D.P.R. 641 (1986). *Cf. Cruz v. Flamingo Homes, Inc.*, 102 D.P.R. 490, 491 (1974). Estos términos no pueden ser prorrogados ni por el tribunal apelativo ni por el tribunal del cual se apela. *Pueblo v. Miranda Colón*, 115 D.P.R. 511, 513 (1984).

■ Por consiguiente, el incumplimiento con la presentación o notificación dentro del término para apelar acarrea, por disposición clara y expresa de las reglas, la desestimación del recurso defectuoso, ya sea por el Tribunal Superior *sua sponte* o a iniciativa de parte. Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*; Reglas 53.1 y 53.2 de Procedimiento Civil, *supra*; *Srio. del Trabajo v. Gómez Hnos., Inc.*, supra, pág. 207. Se trata de un caso de falta de jurisdicción.

■ Las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior disponen, además, que el apelante debe presentar copia del escrito de apelación en el Tribunal Superior dentro del término de treinta (30) días para apelar. La presentación de la copia del escrito en el Tribunal Superior dentro de dicho término es de estricto cumplimiento. Su pre-

sentación tardía es permisible de existir y demostrarse a cabalidad una justa causa. Regla 4 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra; Srio. del Trabajo v. Gómez Hnos., Inc.*, supra; *Maldonado v. Pichardo*, 104 D.P.R. 778 (1976). Como expresamos en *Morales v. Méndez Más*, 109 D.P.R. 843, 845 (1980), "[n]o permitiremos presentaciones tardías de copia de ningún recurso en la Secretaría del tribunal de apelación, a menos que la demora ocurrida se *justifique detalladamente y a cabalidad*". (Énfasis suplido.) *Cf. Pueblo v. Fragoso Sierra*, 109 D.P.R. 536 (1980).

La Regla 5 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*, regula el contenido del escrito de apelación. Dispone, en lo pertinente:

*Regla 5. Escrito de apelación*

(a) *En casos civiles*

El escrito de apelación en casos civiles contendrá lo siguiente:

(1) Una referencia a la sentencia de la cual se apela, incluyendo el nombre de las mismas partes que aparecen ante el Tribunal de Distrito, añadiendo en los lugares apropiados la designación de "apelante" y "apelado", y número del caso, el tribunal que dictó sentencia, la fecha en que se dictó la misma, la fecha en que se archivó en autos copia de la notificación de la sentencia y la fecha de presentación de cualquier moción que pudiese interrumpir el plazo apelativo, si la hubiere, como también la fecha en que la misma fue resuelta y la sala del Tribunal Superior para ante la cual se apela.

(2) Una relación fiel y concisa de los hechos pertinentes del caso.[3]

(3) Un señalamiento de los errores que a juicio del apelante cometió el Tribunal de Distrito.

(4) Una discusión de los errores planteados, incluyendo la cita y análisis de las autoridades legales pertinentes.

---

[3] La relación de hechos del caso debe incluir no sólo el resumen de los procedimientos llevados a cabo en el Tribunal de Distrito, sino también los hechos propiamente en controversia.

*Si el apelante no cumpliere estrictamente con los requisitos antes mencionados, el Tribunal Superior desestimará la apelación,* a solicitud de parte o a iniciativa propia. (Énfasis y escolio suplidos.)

De la faz de la regla se desprende la naturaleza de estricto cumplimiento de tales requisitos de contenido.[4] Su incumplimiento sustancial conlleva, por mandato expreso de la regla, la desestimación de la apelación por el Tribunal Superior, *sua sponte* o a petición de parte. El cumplimiento con los requisitos de los subincisos (1), (2) y (3) de la Regla 5(a) de Apelación del Tribunal de Distrito al Tribunal Superior, *supra,* es lo sustancial que requiere la apelación en cuanto a contenido, a los fines de que el tribunal apelativo entienda en el mismo. Adviértase que el cumplimiento con tales requisitos evita que se convierta el escrito en el "breve y lacónico anuncio de la 'intención de apelar' ", *Srio. del Trabajo v. Gómez Hnos., Inc.,* supra, que impide al tribunal apelativo *considerar* la apelación. Además, el apelante no pierde su derecho de apelación si cumple con esos requisitos una vez presentado y notificado el recurso en tiempo.

El incumplimiento con el subinciso (4) de la Regla 5(a) de Apelación del Tribunal de Distrito al Tribunal Superior, *supra, no derrota* per se el derecho de apelación. El mismo trata de las cuestiones de derecho sobre las cuales el tribunal apelativo *pasará juicio.* El apelante *debe incluir y fundamentar adecuadamente* sus planteamientos de derecho, ya que generalmente el escrito de apelación constituye *su* alegato y sólo por justa causa, y con permiso del Tribunal Superior, se permitirá uno suplementario. *Sólo así se coloca el Tribunal Superior en posición de evaluar y resolver las*

---

[4] Adviértase que en los casos criminales el inciso (b) de la Regla 5 de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A, no contiene una disposición similar al segundo párrafo de su inciso (a) para casos civiles.

*controversias de derecho planteadas en la apelación.* Regla 8 de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A; *Srio. del Trabajo v. Gómez Hnos., Inc.,* supra; Calderón y Rivé, *supra,* pág. 205; Rivera, *supra,* pág. 3.

■ *Aunque* el incumplimiento con el requisito de contenido del subinciso (4) de la Regla 5(a) de Apelación del Tribunal de Distrito al Tribunal Superior, *supra, de ordinario no debe* dar fundamento a la desestimación, *el apelante debe* subsanar rápidamente tal defecto y demostrar, además, detalladamente y a cabalidad una causa justificada para su incumplimiento. Queda a la sana discreción del Tribunal Superior determinar *si hubo causa justificada para dicho incumplimiento.*

■ Cabe señalar que la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico dispone que la apelación ante el Tribunal Superior no es un juicio *de novo,* sino una revisión de la sentencia de la cual se apela. 4 L.P.R.A. sec. 122.

■ Finalmente, el apelante debe preparar y obtener la aprobación del Tribunal de Distrito de una exposición narrativa de la prueba dentro de los términos dispuestos en la Regla 6 de Apelación del Tribunal Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A.[5] En casos apropiados y previa justificación, puede solicitar al Tribunal Superior una trans-

---

[5] En pro de la tramitación adecuada, rápida y económica de las apelaciones, en estos casos es necesario que entre el Tribunal de Distrito y el Tribunal Superior exista coordinación y comunicación sobre el *status* del trámite apelativo en uno y otro foro. A tales efectos, el Tribunal Superior debe notificar al Tribunal de Distrito la disposición final que tome sobre el recurso, con el fin de evitar que este foro invierta tiempo y esfuerzo en la aprobación de una exposición narrativa de la prueba cuando aquél ha desestimado el recurso por cualquier otro fundamento.

cripción de evidencia. Regla 6, *supra; Pueblo v. Prieto Maysonet*, 103 D.P.R. 102 (1974).

■ La decisión, en apelación, del Tribunal Superior sólo es revisable ante nos mediante *certiorari*. 4 L.P.R.A. sec. 122.

■ En resumen, una apelación de una sentencia final del Tribunal de Distrito al Tribunal Superior tiene que interponerse, notificarse y perfeccionarse dentro del término y en la forma en que dispone la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior y las Reglas de Procedimiento Civil aplicables. El incumplimiento con el término para presentar el escrito en el Tribunal de Distrito y notificar el recurso a las otras partes acarrea la desestimación de plano, sin ulterior consideración de *los méritos del caso*.

### III

En el caso de autos la sentencia del Tribunal de Distrito fue archivada en autos el 15 de abril de 1988. El día en que vencía el término para presentar y perfeccionar su escrito de apelación era el 16 de mayo de 1988.[6] *En esa fecha* la recurrida presentó un escrito que no cumple estrictamente con las disposiciones de contenido de la Regla 5 de Apelación del Tribunal de Distrito al Tribunal Superior, *supra*.[7] Pero,

---

(6) El término de treinta (30) días vencía el 15 de mayo de 1988, pero por ser domingo se extendió hasta el próximo día laborable. Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

(7) *A continuación transcribimos el contenido del escrito de apelación en el caso de autos, el cual es totalmente inadecuado.* Éste lee así:
"SENTENCIA DE LA QUE SE SOLICITA APELACIÓN
"AL HONORABLE TRIBUNAL:
"La demandante interesa la apelación de la Sentencia dictada el 14 de abril de

además, tal escrito fue notificado a la Compañía o su representante legal fuera del término para apelar (*fue notificado el 24 de mayo de 1988*). Por ello, el Tribunal Superior carecía de jurisdicción para entender en el recurso y así debió decretarlo de plano.

En su comparecencia ante nos la recurrida aduce que, por razones de salud delicadas, su representante legal no pudo preparar adecuadamente el escrito de apelación.([8]) Tal razón no prorrogó el término jurisdiccional para notificar el escrito a la otra parte. *El lacónico escrito de apelación es totalmente inadecuado. En autos no existe justa causa para el incumplimiento con el subinciso (4) de la Regla 5(a) de Apelación del Tribunal de Distrito al Tribunal Superior*, supra.

---

1988 por el Honorable Juez de Distrito Geigel A. Torres Rivera, archivándose la misma el 14 de abril de 1988. Depositada en el correo el día 15 de abril de 1988.

"En dicha Sentencia el Honorable Tribunal determina que el despido de la demandante fue por justa causa y en consecuencia desestima la demanda en todas sus partes.

"BREVE RELACIÓN DE HECHOS

"La parte demandante (apelante) presentó demanda contra la parte apelada alegando en síntesis que fue despedida de su empleo sin justa causa por su patrono Bourns Puerto Rico, Inc., por tal motivo era acreedora de los beneficios que confiere la Ley No. 80 del 30 de mayo de 1976. La parte demandada contestó dicha demanda alegando que el despido de la demandante fue una justa y de conformidad a la Ley No. 80 del 30 de mayo de 1976 ya que la causa de despido fue por haberse la demandante ausentado de su empleo por más de cinco (5) días laborables y sin notificar al patrono, violando así el reglamento de la Compañía.

"La demandante no está de acuerdo con la Sentencia dictada en su contra y apela la misma ante el Honorable Tribunal Superior de Guayama, por entender que la sentencia no se ajusta a Derecho ni a la prueba desfilada.

"POR TODO LO CUAL: Respetuosamente solicitamos del Honorable Tribunal acepte la presente apelación y nos conceda término para escuchar las gravaciones [sic] del día de la vista y así poder hacer nuestras alegaciones y luego de los trámites correspondientes revoque la Sentencia dictada y declare Con Lugar la demanda." Anejo G, pág. 0017.

([8]) En su oposición a la moción de desestimación la representación legal de la recurrida adujo que estuvo recibiendo tratamiento de un cardiólogo el día en que se presentó el escrito y que con éste se pretendía, por lo menos, interrumpir el término de la apelación.

*Además*, la recurrida no presentó copia del escrito en el Tribunal Superior ni adelantó justa causa para no hacerlo. No es hasta transcurrido un mes en exceso del término para apelar que presenta un escrito *suplementario*: la exposición narrativa presentada el 13 de junio de 1988. Sin embargo, la notifica a la Compañía el 16 de junio y no la presenta en el Tribunal Superior, donde los autos fueron presentados el 13 de septiembre de 1988.

■ Dada la naturaleza jurisdiccional del término de notificación *a la parte apelada o a su abogado y el incumplimiento con dicho término*, el Tribunal Superior debió declararse sin jurisdicción sin entrar en los méritos de la cuestión ante sí. *Autoridad sobre Hogares v. Sagastivelza*, 71 D.P.R. 436 (1950).

■ Carece de fundamentos la alegación de la recurrida de que la Compañía se sometió tácitamente a la jurisdicción del Tribunal Superior al presentar su alegato en oposición a la apelación. Las partes no pueden darle jurisdicción sobre la materia al tribunal apelativo allí donde la ley no se la concede.

La conclusión a la cual arribamos hace innecesario que nos pronunciemos sobre si el despido de la recurrida estuvo o no justificado. Esta cuestión fue adjudicada por el Tribunal de Distrito y su dictamen advino final y firme al transcurrir el término para presentar, notificar y perfeccionar válidamente el recurso de apelación en el Tribunal Superior.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García se inhibió.