Rodríguez García, Jue-z Ponente.
TEXTO COMPLETO DE LA SENTENCIA
La apelación en el presente caso se presentó el 16 de diciembre de 1994 ante el anterior Tribunal de Distrito, Sala de Guayama.
El expediente fue elevado al anterior Tribunal Superior, Sala de Guayama, en apelación conteniendo entre otros documentos, una exposición narrativa de la prueba,-por estipulación de la partes y aceptada por el Juez Jesús Manuel Rosario Félix, quien entendió en el caso.
La apelación pasó a la consideración de nosotros en virtud del artículo 9.004 (b) de la Ley de la Judicatura de 1994, Ley Núm. 1 de 28 de julio de 1994, y Resolución Núm. XIII del Tribunal Supremo de 23 de enero de 1995.
El término para presentar la apelación en el Tribunal de Distrito está a su vez regulado por la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 53.1:
"La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en -autos de una copia de la notificación de la sentencia." (Subrayado nuestro)
El Tribunal Supremo reafirma lo del término de treinta (30) días en Rodríguez Negrón v. Morales, 105 D.P.R. 877, 878-879 (1977); Quirós v. Gómez Hnos., 113 D.P.R. 204, 207-08 (1982) (En reconsideración).
Las Reglas de Apelación del Tribunal de Distrito al Superior, 4 L.P. .R.A. Ap. ITT-A, disponen que el apelante debería presentar copia del escrito de apelación en el anterior Tribunal Superior dentro del término de treinta (30) días para apelar.
En Morales v. Méndez Más, 109 D.P.R. 843, 845 (1980), el Tribunal Supremo aclaró que aunque el requisito de la presentación de copia del escrito de apelación en el tribunal de apelación no era un requisito jurisdiccional, sí era uno de cumplimiento estricto. Allrdispuso el Tribunal Supremo:

*1017
"Resolvemos, en consecuencia, que el plazo que requiere la Regla 53.1 (a) para la radicación de la copia del recurso en la secretaría del tribunal de apelación, no es de naturaleza jurisdiccional, aunque sí, según afirmamos en Fragoso Sierra, de estricto cumplimiento. No permitiremos presentaciones tardías de copia de ningún recurso en la secretaría del tribunal de apelación, a menos que la demora ocurrida se justifique detalladamente y a cabalidad. En el caso de autos no sólo hubo demora injustificada sino total incumplimiento con la Regla."

Nueve años después de Méndez Más, supra, el Tribunal Supremo en Marta González Santos v. Bourns de Puerto Rico, Inc., sentencia Núm. CE-89-200, 89 J.T.S 107, en forma directa pauta las normas sobre el procedimiento de apelación en casos civiles del Tribunal de Distrito al Tribunal Superior.
Al referirse al requisito de presentar copia del escrito de apelación en el Tribunal Superior, se indica en González Santos:
"Las Reglas de Apelación del Tribunal de Distrito al Superior, disponen, además, que el apelante debe presentar copia del escrito de apelación en el Tribunal Superior dentro del término de treinta (30) días para apelar. La presentación de la copia del escrito en el Tribunal Superior dentro de dicho término es de estricto cumplimiento. Su presentación tardía es permisible de existir y demostrarse a cabalidad una justa causa. Regla 4 supra; Quirós v. Gómez Hnos. supra. Maldonado v. Pichardo, 104 D.P.R. 778 (1976). Como expresamos en Morales v. Méndez Más, 109 D.P.R. 843, 845 (1980) "[n]o permitiremos presentaciones tardías de copias de ningún recurso en la Secretaría del Tribunal de Apelación a menos que la demora ocurrida se justifique detalladamente y a cabalidad". (Enfasis suplido) Cf. Pueblo v. Fragosos Sierra, 109 D.P.R. 539 (1980).
La norma es tan clara que su incumplimiento no se justifica. Pero en este caso la parte apelante no ha realizado acto alguno para justificar su incumplimiento.
En el presente caso ha habido un total incumplimiento con la regla, por lo que precede la desestimación de esta apelación.
La Juez López Vilanova concurre con el resultado.
Notifíquese por vía ordinaria.
Así lo pronunció y manda el tribunal y lo certifica la Secretaria General.
María C. González Cruz
Secretaria General
ESCOLIO 95 DTA 262
1. Pueblo v. Fragoso Sierra, 109 D.P.R. 539 (1980), se refiere a la apelación en un caso criminal de Distrito a Superior.