CC-98-13                                                                    1

En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>   V.<br><br>Eddie Pérez Suárez<br>    Peticionario | Certiorari<br><br>98TSPR124 |
|---|---|

Número del Caso: CC-98-13

Abogados Parte Peticionaria:  Lcda. Margarita Carrillo Iturrino
                                Lcdo. José M. Crúz Ellis

Abogados Parte Recurrida:     Hon. Carlos Lugo Fiol
                                Procurador General

                                Lcda. Eunice Amaro Garay
                                Procuradora General Auxiliar

Tribunal de Instancia: Superior, Aguadilla

Juez del Tribunal de Primera Instancia: Hon. Leticia Espada Garay

Tribunal de Circuito de Apelaciones: Circuito Regional IV Aguadilla Mayaguez

Juez Ponente: Hon. Rodríguez García

Panel Integrado por: Hon. Rossy García
                          Hon. Martínez Torres

Fecha: 9/16/1998

Materia: Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido


       v.                                            CC-98-13

Eddie Pérez Suárez

    Peticionario



PER CURIAM

San Juan, Puerto Rico, a 16 de septiembre de 1998

Debemos resolver si el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) podía, en el ejercicio de su discreción, entender en un recurso de certiorari presentado ante dicho foro cuando la parte allí peticionaria no notificó del recurso al abogado de la parte contraria ni al Tribunal de Primera Instancia dentro del término de cumplimiento estricto dispuesto para ello. A continuación reseñaremos los hechos que dieron lugar a la controversia.

I

El 3 de noviembre de 1994 se presentaron varias denuncias contra Eddie Pérez Suárez (el peticionario), por hechos ocurridos entre el 28 de

octubre y el 30 de noviembre de 1993. Específicamente, se le denunció por violaciones a los Arts. 401, 406 y 408 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, 24 L.P.R.A. secs. 2401, 2406 y 2408, según enmendadas. Ese mismo día se emitió la orden de arresto, la cual fue diligenciada al día siguiente.

Antes de la celebración de la vista preliminar, el peticionario presentó una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Adujo que el Ministerio Público había incurrido en una demora excesiva, al someter los cargos en su contra siete (7) meses después de la supuesta última transacción de sustancias controladas hecha por él. Alegó que esto le había causado un grave perjuicio y lo había colocado en un estado de indefensión, ya que no podía presentar prueba a su favor y desarrollar una defensa adecuada, en violación al debido proceso de ley que lo cobijaba.

En la vista preliminar, el tribunal determinó que existía causa probable para acusar por dos infracciones al Art. 401, supra, y dos al Art. 406, supra. Asimismo, denegó la moción de desestimación presentada y señaló el juicio para el 15 de agosto de 1996.

El 7 de agosto siguiente, el peticionario presentó una segunda moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, supra. En ésta, reprodujo los mismos planteamientos que en la moción original.[1]

Luego de varios reseñalamientos de la vista en su fondo, el 23 de octubre de 1996 el foro de instancia le concedió diez (10) días al Ministerio Público para que se expresara en torno a las mociones presentadas por el peticionario. El Ministerio Público no compareció.

El 14 de noviembre de 1996, el tribunal de instancia dictó una resolución, en la que desestimó las acusaciones contra el peticionario debido a la incuria incurrida por el Ministerio Público, por este último no haber comparecido a contestar las diferentes mociones

presentadas, según lo ordenado. Se notificó a las partes y se archivó en los autos una copia de la notificación de esta resolución el 21 de noviembre de 1996.[2]

El 23 de diciembre de 1996, el Estado Libre Asociado de Puerto Rico (en adelante E.L.A.) presentó ante el Tribunal de Circuito un recurso de certiorari para cuestionar esta determinación.[3] Varios días después, presentó ante dicho foro una moción donde señalaba que por error la petición de certiorari no había sido notificada al abogado del peticionario.[4] Además, consignó que en esa misma fecha estaba notificando a dicho abogado del recurso presentado. Finalmente solicitó que el Tribunal de Circuito continuara con los procedimientos apelativos.

Una vez notificado del recurso y enterado del problema con las notificaciones, el licenciado Cruz Ellis, abogado del peticionario, presentó una moción en oposición a que se expidiera el certiorari solicitado. Alegó que, como el término para presentar el recurso es uno de cumplimiento estricto, sólo se puede notificar tardíamente a las partes si se justifica la demora detalladamente y a cabalidad. Además, señaló que tampoco se había hecho la notificación correspondiente al

---

[1] Además, había presentado una moción de descubrimiento de prueba.

[2] En un escrito fechado 22 de noviembre de 1996, el Ministerio Público presentó una moción en oposición a que se desestimaran los cargos. Además, en un escrito fechado 27 de noviembre, el Ministerio Público solicitó la reconsideración de la resolución emitida. El foro de instancia nunca se expresó sobre estas mociones.

[3] Planteó la comisión de un solo error, a saber:

Erró el Tribunal de Instancia al desestimar las acusaciones presentadas contra el [peticionario] en virtud de la Regla 64(p) de Procedimiento Criminal, por incuria sin celebrarse una vista evidenciaria.

[4] Se había notificado al Lcdo. Harry Padilla Martínez, con oficinas en Mayagüez, cuando el abogado del peticionario lo es el Lcdo. José M. Cruz Ellis, con oficinas en Aguadilla. Este escrito está fechado 30 de diciembre de 1996.

tribunal recurrido, en este caso el Tribunal de Primera Instancia, Sala Superior de Aguadilla.[5]

El Tribunal de Circuito emitió una resolución el 21 de enero de 1997, donde le ordenó al E.L.A. que mostrara causa por la cual no se debía desestimar el recurso por las faltas en la notificación.  El E.L.A. compareció, expresando, a su entender, las razones que constituían causa justificada para su incumplimiento con los términos en las respectivas notificaciones.

El 28 de octubre de 1997 el Tribunal de Circuito dictó una sentencia, donde expidió el auto de certiorari solicitado y revocó la resolución del tribunal de instancia.  En cuanto a las faltas en las notificaciones, determinó que las mismas eran de naturaleza excusable.

Inconforme con este dictamen, Pérez Suárez acudió ante nos mediante un recurso de certiorari.[6]  Visto el mismo, le concedimos al E.L.A. un término de veinte (20) días para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la sentencia del Tribunal de Circuito por haber éste actuado sin jurisdicción sobre el caso.  El E.L.A. ha comparecido a través del Procurador General, por lo que estamos en posición de resolver sin ulteriores procedimientos.

---

[5] En su lugar, el E.L.A. había notificado al Tribunal de Primera Instancia, Sala Superior de Mayagüez.

[6] Planteó la comisión de dos errores, a saber:

### PRIMER ERROR

Incidió el Tribunal de Circuito de Apelaciones al resolver que fue contraria a derecho la desestimación de los cargos bajo las disposiciones de la Regla 64(p) de Procedimiento Criminal, por la violación del debido proceso de ley ante la demora injustificada del Estado en someter los cargos y por la incuria en que éste incurrió en la tramitación del caso, por haberse prescindido de la celebración de una vista evidenciaria.

### SEGUNDO ERROR

Erró el Tribunal de Circuito de Apelaciones al denegar la solicitud de desestimación del recurso de certiorari instado por el Procurador General a pesar de que no acreditó la existencia de justa causa para el incumplimiento con las disposiciones de las Reglas 53.1(e)(4) de las de Procedimiento Civil y la 33(A) del Reglamento del Tribunal de Circuito de Apelaciones (que requieren la notificación del recurso al abogado de la parte recurrida dentro del término para la presentación del recurso).

II

La Regla 33 del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII-A, en lo aquí pertinente dispone que:

> [c]uando la solicitud de certiorari sea presentada en la Secretaría del Tribunal de Circuito de Apelaciones, la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, <u>dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud</u>, copia de la misma debidamente sellada con la fecha y la hora de la presentación. <u>El término aquí dispuesto será de cumplimiento estricto</u>....
>
> La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord [sic], o en su defecto, a las partes, así como al Procurador General y al Fiscal de Distrito en los casos criminales, <u>dentro del término jurisdiccional o de cumplimiento estricto establecido por la ley, según fuere el caso</u>, para presentar el recurso....[7]

Anteriormente, hemos resuelto controversias a la luz de esta disposición. Así, en <u>Arriaga Rivera</u> v. <u>Fondo del Seguro del Estado</u>, Op. de 18 de marzo de 1998, ___ D.P.R. ___ (1998), 98 JTS 28, indicamos que existe una diferencia entre un término de cumplimiento estricto y un término jurisdiccional. En cuanto al término de cumplimiento estricto señalamos que el foro judicial no está sujeto al automatismo que conlleva el término jurisdiccional, sino que puede proveer justicia según lo ameriten las circunstancias. Añadimos que los requisitos de cumplimiento estricto se pueden observar tardíamente si existe y se demuestra detallada y cabalmente una justa causa para no cumplir

---

[7] Dispone el Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado, conocido como la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22 <u>et seq.</u>, en su Art. 4.002(f) que el Tribunal de Circuito entenderá:

> [m]ediante auto de certiorari expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia.... En estos casos, el recurso de certiorari se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. <u>El término aquí dispuesto es de cumplimiento estricto</u>, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de certiorari. (Énfasis nuestro.) 4 L.P.R.A. sec. 22k(f).

rigurosamente con los mismos. Íd., pág. 688.[8] Esto último se exige para que el tribunal pueda estar en posición de resolver y ejercer su discreción de una manera prudente.

Asimismo, señalamos que "los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si están presentes dos condiciones: (1) que en efecto exista <u>justa causa para la dilación</u>; [y] (2) que la parte le demuestre al tribunal las bases razonables que tiene para la dilación; es decir, que <u>la parte interesada acredite de manera adecuada la justa causa aludida</u>". (Énfasis nuestro.) <u>Arriaga Rivera</u> v. <u>Fondo del Seguro del Estado</u>, supra, pág. 688.[9]

Apliquemos el derecho expuesto a los hechos del presente caso.

### III

El Tribunal de Primera Instancia dictó la resolución recurrida el 14 de noviembre de 1996, y ésta fue notificada a las partes el <u>21 de noviembre</u>. Desde esta fecha, el E.L.A. tenía un término (de cumplimiento estricto) de treinta (30) días para presentar un recurso de certiorari ante el Tribunal de Circuito.[10] Este término vencía el <u>23</u>

---

[8] Además, véanse: <u>González Santos</u> v. <u>Bourns P.R., Inc.</u>, 125 D.P.R. 48, 57-58 (1989); <u>Pueblo ex rel. R.S.R.</u>, 121 D.P.R. 293, 300, escolio 3 (1988); <u>Morales</u> v. <u>Méndez Más</u>, 109 D.P.R. 843, 845 (1980); <u>Pueblo</u> v. <u>Fragoso Sierra</u>, 109 D.P.R. 536, 539 (1980) (donde se desestimó un recurso porque la parte peticionaria no presentó una copia del mismo al Tribunal Supremo dentro del término de cumplimiento estricto de cuarenta y ocho (48) horas luego de haberlo presentado en el tribunal sentenciador.)

[9] Se define "justo" como "that which is <u>right and fair</u> according to positive law". (Énfasis nuestro.) <u>Words and Phrases</u>, Just 251 (1967). De otro lado, "justa causa" se define como "[a]quella causa ajena a la causa legal, que <u>está basada en motivos razonables</u>, y <u>debe existir una razón honesta regulada por la buena fe</u>". (Énfasis nuestro.) <u>Diccionario de términos jurídicos</u> 148 (2da. ed. 1985).

[10] Dispone la Ley de la Judicatura de Puerto Rico de 1994, supra, en su Art. 4.002(f), supra, que "[e]n casos criminales, la presentación de una moción de reconsideración no interrumpirá el término para solicitar un certiorari bajo este inciso a menos que el Tribunal de Primera Instancia acoja la moción dentro del término de treinta (30) días dispuesto en este inciso para solicitar un certiorari".

de diciembre,[11] día en que el E.L.A. presentó su recurso. Desde ese día, el E.L.A. tenía cuarenta y ocho (48) horas para notificarle al tribunal recurrido de la petición de certiorari presentada. Originalmente, dicha notificación se hizo en tiempo al Tribunal de Primera Instancia, Sala Superior de Mayagüez, aunque el verdadero tribunal recurrido era el de Aguadilla. Este último tribunal fue notificado cerca del 15 de enero de 1997,[12] es decir, aproximadamente veintitrés (23) días después de haberse presentado el recurso ante el Tribunal de Circuito.

En cuanto a la notificación a la parte contraria, el E.L.A. la tenía que hacer dentro del plazo dispuesto para la presentación del recurso. El E.L.A. cumplió con este término, pero notificó al abogado equivocado. No es hasta cerca del 30 de diciembre de 1996, aproximadamente siete (7) días después de vencido el plazo para notificar, que comparece el E.L.A. mediante una moción y certifica que está notificando al verdadero abogado del peticionario ese mismo día.

El Tribunal de Circuito, ante esta situación, prudentemente emitió una resolución donde le concedió al E.L.A. quince (15) días para que compareciera y mostrara causa por la cual no se debía desestimar el recurso por no haberse hecho las respectivas notificaciones conforme a derecho. El E.L.A. compareció y adujo como razón para el incumplimiento que la falta se debía y originaba "en el memorando de referido del expediente para evaluación del fiscal a cargo del caso. [É]ste, a[u]n cuando se refiere al [caso del peticionario], fue acompañado por una moción de un caso relacionado con el mismo, pero en otro tribunal y sobre otra persona.... Se trata por tanto de errores oficinescos que tan pronto fueron advertidos fueron corregidos". El

---

[11] El término de treinta (30) días realmente vencía el 21 de diciembre, pero por ser este día sábado, se extendió hasta el lunes, 23 de diciembre.

[12] La moción que obra en el expediente no tiene sellados el día y la hora en que fue presentada en el Tribunal de Circuito. La fecha señalada es la que consta al final del documento redactado por el Procurador General.

Tribunal de Circuito expresó que la falta incurrida era de naturaleza excusable, por lo que no desestimó el recurso.

Sin embargo, y luego de haber hecho un minucioso análisis del expediente ante nos, encontramos que las razones aducidas por el E.L.A. no constituyen causa justificada para dispensar del requisito de cumplimiento estricto en las notificaciones. Veamos.

Del propio recurso de certiorari presentado por el E.L.A. ante el Tribunal de Circuito surge varias veces quién es el abogado del peticionario y cuál es el tribunal recurrido. Así, en el inciso III de la petición, titulado "Resolución objeto de revisión" se señala correctamente el nombre de la Juez de instancia, la Hon. Leticia Espada Roldán, aunque incorrectamente se indica que pertenece a la Sala Superior de Mayagüez. En este mismo inciso se hace mención a los números FASC96G0243, 244, 245 y 246, que corresponden a los números de las acusaciones en contra del peticionario. Asimismo, el Apéndice I que acompaña la petición (que es la hoja de notificación y la resolución dictada por el foro de instancia), claramente indica el nombre de la juez, el tribunal recurrido, el nombre del abogado del peticionario y su dirección. De otra parte, el Apéndice V contiene la segunda moción de desestimación presentada por el peticionario en el foro de instancia. Del epígrafe de la misma surge cuál es el tribunal recurrido, así como al final de esta moción aparece el nombre del abogado del peticionario y su dirección. Además, el Apéndice VI contiene la solicitud de reconsideración presentada por el Ministerio Público ante el foro de instancia. De ésta también surge cuál es el foro recurrido (en el epígrafe) y el nombre y la dirección del abogado del peticionario (véase la certificación de notificación al final del escrito).

Por otro lado, al observar el "memorando de referido del expediente", nos podemos percatar que en el mismo se hace referencia solamente al caso de autos: Pueblo v. Eddie Pérez Suárez c/p Pilingo. En su primer párrafo, se expresa que "[e]l 12 de noviembre de 1996, el

Tribunal de Aguadilla desestimó la acusación por infracción al Art. 401 contra el acusado de epígrafe". (Énfasis nuestro.) En este memorando se hace un recuento casi exacto del trámite procesal del presente caso. Incluso, se menciona correctamente el contenido de la resolución del Tribunal de Primera Instancia que desestimó las acusaciones. Ahora bien, los documentos anejados a este memorando (una resolución y una moción solicitando la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, supra) son los únicos que pertenecen a otro caso, en específico al de Pueblo v. Ricardo Rivera Pagán, visto en la Sala Superior de Mayagüez y cuyo abogado era el Lcdo. Harry Padilla Martínez.

Como se puede apreciar, la información pertinente para hacer las notificaciones apropiadas surgía con meridiana claridad del propio recurso presentado por el E.L.A. y del "memorando de referido del expediente". Por esta razón, no consideramos que la explicación brindada por el E.L.A. constituya la justa causa que permita el incumplimiento con los requisitos de cumplimiento estricto en las notificaciones. No se trata aquí de un mero "error oficinesco", sino de un descuido extremo al preparar y redactar el recurso de certiorari, lo que no puede constituir la justa causa que justifique el incumplimiento con términos de cumplimiento estricto. Según hemos resuelto, "[n]o es con vaguedades, excusas, o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales". Arriaga Rivera v. Fondo del Seguro del Estado, supra, pág. 688.

Concluimos, por lo tanto, que abusó el Tribunal de Circuito de su discreción al acoger un recurso de certiorari donde no se adujo una justa causa, razonable, cabal y detallada, para haber notificado, tanto a la parte contraria como al tribunal recurrido, fuera de los términos de cumplimiento estricto dispuestos para ello.

IV

Por los fundamentos antes expuestos, procede que se expida el auto de certiorari solicitado y se dicte sentencia revocando la sentencia dictada por el Tribunal de Circuito el 28 de octubre de 1997.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido


      v.                                    CC-98-13


Eddie Pérez Suárez

    Peticionario




SENTENCIA


San Juan, Puerto Rico, a 16 de septiembre de 1998

     Por los fundamentos antes expuestos se expide el auto de certiorari solicitado y se dicta una sentencia que revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones el 28 de octubre de 1997.

     Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Negrón García concurre con el resultado.  Además, entiende que la presente ponencia no amerita ser publicada como opinión Per Curiam. El Juez Asociado señor Hernández Denton concurre con el resultado sin opinión escrita.



                  Isabel Llompart Zeno
             Secretaria del Tribunal Supremo