ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| OBE E. JOHNSON<br><br>Peticionario<br><br>v.<br><br>FABIOLA ACARÓN PORRATA DORIA Y OTROS<br><br>Recurrido | KLCE202200863 | *Certiorari pr*ocedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2022CV01582<br><br>Sobre: Mandamus |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Brignoni Mártir y el Juez Candelaria Rosa.

Ortiz Flores, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece por derecho propio el señor Obe E. Johnson (Sr. Johnson; peticionario), ante este Tribunal de Apelaciones.[1] Solicita que dejemos sin efecto la *Sentencia* dictada el 30 de marzo de 2022, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). En el referido pronunciamiento, el TPI desestimó la petición de *Mandamus* instada.

Adelantamos la desestimación del recurso presentado, al tenor de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (1).

### I

El 18 de enero de 2022, el peticionario presentó un *Mandamus* ante el Tribunal de Primeria Instancia, Sala Superior de San Juan (TPI), correspondiente al caso civil número SJ2022CV01582.[2] El Sr. Johnson alegó que presentó una acción sobre *habeas corpus* y daños y perjuicios, contra el Estado Libre Asociado de Puerto Rico (Departamento de Corrección y Rehabilitación) y su entonces abogada de defensa, licenciada Fabiola Acarón Porrata Doria, ante el Tribunal Federal para el

---

[1] El Sr. Johnson incluyó en su recurso una *Declaración en apoyo de solicitud para litigar como indigente (in forma pauperis)*, por la cual se autoriza su comparecencia *in forma pauperis.* Anejo 6, págs. 81-84. En ese documento se informa que el peticionario se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación.
[2] Anejo 1B, pág. 43.

Distrito de Puerto Rico; añade que ese pleito fue paralizado como resultado de la petición de quiebra del Gobierno de Puerto Rico el 3 de mayo de 2017, bajo el Título III del *Puerto Rico Oversight, Management, and Economic Stability Act* (conocido por su acrónimo PROMESA).[3] El Tribunal Federal de Apelaciones del Primer Circuito ordenó a los litigantes a informar el estado de la paralización automática cada noventa (90) días.[4] El Sr. Johnson alegó que ha transcurrido el plazo sin que el Estado haya informado sobre el asunto.[5]

Luego de evaluar el expediente, a la luz de los requisitos legales del recurso extraordinario de *Mandamus*, el **31 de marzo de 2022**, el TPI notificó su determinación de desestimar la reclamación. Inconforme, el **4 de agosto de 2022**, el Sr. Johnson acudió ante este foro intermedio y solicitó la revisión del dictamen.

**II**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 385 (2020). La ausencia de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*, a la pág. 386. Por ello, se ha reiterado "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, viniendo obligados, incluso, a considerar dicho asunto aún en ausencia de planteamiento a esos efectos por las partes, esto es, *motu proprio*." *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001), que cita a *Vázquez v. A.R.PE.*, 128 DPR 153 (1991); *Martínez v. Junta de Planificación*, 109 DPR 839 (1980); *Soc. de Gananciales v. A.F.F.*, 108 DPR 644 (1979). El ineludible deber de auscultar nuestra propia jurisdicción implica, además, **examinar la jurisdicción del foro de**

---

[3] El expediente que revisamos adolece de la inclusión de la *Demanda*, por lo que tomamos conocimiento judicial del documento y sus anejos en el expediente electrónico del caso del título, a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 1.

[4] *Id.*

[5] El expediente ante el TPI cuenta con dos reportes de estado de los procedimientos, fechados el 9 de septiembre y 10 de diciembre de 2021; refiérase a la entrada 1, anejos 9 y 11 del SUMAC.

**donde procede el recurso**. 204 DPR, a la pág. 386. Ello así, porque la falta de jurisdicción no es susceptible de ser subsanada ni las partes pueden conferírsela voluntariamente a un tribunal, como tampoco este puede arrogársela. *Íd.* Es sabido que un dictamen emitido sin jurisdicción es nulo. *Íd.* Por lo dicho, las cuestiones de jurisdicción deben ser resueltas con preferencia. De carecer un tribunal de autoridad, lo único que puede hacer es así declararlo y desestimar la causa sin entrar en los méritos. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989).

Cónsono con lo anterior, el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C), dispone que este foro intermedio "podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente." A tales efectos, la aludida disposición establece como causa en su primer inciso que el Tribunal de Apelaciones carece de jurisdicción. 4 LPRA Ap. XXII-A, R. 83 (B) (1).

Trazado el marco de derecho pertinente al caso del título, lo aplicamos a continuación.

**III**

Por ser una cuestión de umbral, debemos pronunciarnos en cuanto a nuestra jurisdicción. En el presente caso, el Sr. Johnson contaba hasta el 2 de mayo de 2022[6] para presentar su recurso; es decir, treinta (30) días a partir de la notificación del dictamen allá para el 31 de marzo de 2022. No obstante, acudió a este foro intermedio el 4 de agosto de 2022. Esto es, ciento veintiséis (126) días de notificada la *Sentencia* impugnada.[7] En consecuencia, estamos privados de jurisdicción, lo que nos impide considerar el asunto en sus méritos. Además, es sabido que el hecho que una parte comparezca ante los foros judiciales por derecho

---

[6] El término reglamentario de treinta (30) días se cumplió el sábado 30 de abril de 2022; así se extendió al día laborable siguiente, el lunes 2 de mayo de 2022.

[7] Si tomáramos el 13 de julio de 2022, fecha del escrito y de la petición para litigar como indigente, como la fecha de presentación del recurso apelativo, este seguiría siendo tardío.

propio, por sí solo, no justifica el incumplimiento con las reglas procesales. Véase: *Febles v. Romar*, 159 DPR 714, 722 (2003).

Por lo tanto, al amparo de la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, decretamos la desestimación del presente recurso por falta de jurisdicción, por tardío.

**IV**

Por los fundamentos expuestos, se desestima el recurso interpuesto por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones