Rivera de Martínez, Juez Ponente
*771 TEXTO COMPLETO DE LA SENTENCIA
Los recurrentes, el Municipio de Lares, su Alcalde, Luis A. Oliver Canabal y la sociedad legal de gananciales constituida por éste y su esposa, acuden ante nos mediante recurso de certiorari solicitando la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado, el 8 de abril de 1988, notificada el día 23 del mismo mes y año, declarando sin lugar una moción de desestimación.
La adecuada comprensión del asunto ante nuestra consideración requiere que expongamos brevemente el trasfondo fáctico y procesal que origina el recurso instado.
I
Luis A. Lebrón Alvarez inició sus labores en el Municipio de Lares como empleado de carrera. Posteriormente ocupó varios puestos de confianza, siendo el último el de Director de Sanidad y Limpieza del referido municipio. En enero de 1997, cuando Luis Oliver Canabal pasó a ser el nuevo Alcalde, reubicó a Lebrón Alvarez en un puesto de carrera para desempeñar el puesto de Conserje o Peón. Inconforme con tal determinación, presentó una acción de daños y perjuicios ante el Tribunal de Primera Instancia, Sala Superior de Utuado, el 27 de junio de 1997.
Alegó que sufrió trastornos emocionales como consecuencia de las actuaciones dolosas del Alcalde y humillaciones a las cuales fue sometido, lo cual ocasionó que tuviese que reportarse al Fondo del Seguro del Estado, siendo recluido para recibir tratamiento psiquiátrico. Reclamó cincuenta mil ($50,000) dólares por daños y sufrimientos mentales, cincuenta mil ($50,000) dólares por los de su esposa y veinticinco mil ($25,000) dólares por los de sus dos hijos.
*772 La demanda fue contestada por los co-demandados el 11 de septiembre de 1997 negando, en términos generales, las alegaciones en su contra. Como defensas afirmativas plantearon que la demanda, tal y como estaba redactada, dejaba de exponer hechos que justificasen la concesión de un remedio y que la parte demandante no cumplió con el requisito de notificación al Municipio de Lares dispuesto por el artículo 15.003 de la Ley de Municipios Autónomos de 1991. 
Alegaron, además, los co-demandados, que el Municipio de Lares era un patrono asegurado bajo la Corporación del Fondo del Seguro del Estado, por lo que el demandante estaba impedido de reclamarle daños y así también a su Alcalde, en su carácter oficial, habiendo recibido beneficios de dicha corporación por los mismos hechos que estaba reclamando por la vía judicial.
Adujeron, en adición, que el Alcalde sólo cumplió con su deber ministerial de ubicar al demandante en el puesto de carrera en el que fue nombrado originalmente.
Posteriormente, el 20 de febrero de 1998, los co-demandados presentaron una moción de desestimación. En la misma plantearon nuevamente que la parte demandante no había cumplido con lo dispuesto por el artículo 15.005 de la Ley de Municipios Autónomos, siendo necesario notificar por escrito al Alcalde dentro de los noventa (90) días siguientes a la fecha en que tuvieron conocimiento de los daños reclamados.
Alegaron también, que el municipio no podía ser demandado por tales daños al ser patrono asegurado bajo la Ley de Compensaciones del Trabajo. Argüyeron, además, que el artículo 15.005 de la Ley de Municipios Autónomos, prohibía acciones como la instada.
La parte demandante se opuso a la desestimación. El Tribunal de Primera Instancia, luego de evaluar los argumentos de las partes, emitió resolución de 8 de abril de 1998, declarando sin lugar la moción de desestimación. En cuanto a la falta de notificación al municipio, concluyó que la carta de 10 de febrero de 1997, mediante la cual se le notificó al Alcalde que Lebrón Alvarez había tenido que recurrir a tratamiento psiquiátrico y reportarse al Fondo del Seguro del Estado, debido a las actuaciones dolosas de este funcionario, cumplió el propósito de la notificación requerida por la ley.
En cuanto a la inmunidad patronal, resolvió que tal defensa no estaba disponible para un caso donde se ha alegado actuación dolosa. Finalmente, sostuvo que el municipio renunció a la defensa provista por el artículo 15.005 de la Ley de Municipios Autónomos, supra, al no haberla planteado en la contestación a la demanda.
Inconforme con dicha determinación acude ante nos la parte demandada, alegando los siguientes errores:

"Erró el Honorable Tribunal recurrido al no desestimar la demanda radicada por las partes recurridas a base de lo dispuesto en el Artículo 20 de la Ley Habilitadora de la Corporación de Fondo del Seguro de Estado, 11 L.P.R.A. sec. 21.

Erró el Honorable Tribunal recurrido al resolver que el Municipio y el co-demandado Oliver Canabal en su carácter oficial renunciaron a la defensa estatuida en el Artículo 15.005 de la Ley de Municipios Autónomos de Puerto Rico, según enmendada."
El 4 de junio de 1998, la parte recurrida presentó su oposición al recurso y solicitó la desestimación del mismo. Los peticionarios se opusieron a la desestimación el 12 de junio de 1998. Luego, ante una moción en auxilio de nuestra jurisdicción presentada por dicha parte, paralizamos los procedimientos ante el foro de instancia. Contando con la posición de ambas partes, estamos en condiciones de resolver. Veamos.
II
La Regla 10.2 de las de Procedimiento Civil, dispone, entre otras cosas, que una parte demandada podrá solicitar del tribunal que desestime la demanda en su contra cuando ésta no exponga una reclamación que justifique la concesión de un remedio.
*773 Se ha reiterado jurisprudencialmente que a los fines de disponer de una moción de desestimación, el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda, por lo que, para prevalecer, el promovente de la moción tiene que demostrar que, aun así, la demanda no expone una reclamación que justifique la concesión de un remedio. Ello es de aplicación únicamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessells v. Empire Gas, _ D.P.R. _ (1994), 94 J.T.S. 144, opinión de 23 de noviembre de 1994; Unisys v. Ramallo, 128 D.P.R. 842 (1991).
En estos casos la demanda debe ser interpretada lo más liberalmente posible a favor de la parte demandante y sus alegaciones se examinarán de la manera más favorable a ésta. En última instancia, la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Agosto Ortiz v. Municipio, _ D.P.R. _ (1997), 97 J.T.S. 69, opinión de 20 de mayo de 1997; Pressure Vessells v. Empire Gas, supra; Unisys v. Ramallo, supra.
A la luz de la jurisprudencia anterior y de los fundamentos que expondremos más adelante, debemos analizar si el tribunal actuó correctamente al denegar la moción de desestimación.
La Ley de Compensaciones por Accidentes del Trabajo es de aplicación a todos los obreros y empleados que trabajen para dichos patronos y que sufran lesiones o se inutilicen. También aplica en los casos en que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muertes derivadas de la ocupación. 
Dicha ley concede inmunidad contra acciones de daños y perjuicios por accidentes laborales a los patronos asegurados por el Fondo del Seguro del Estado. El Artículo 218 de la misma provee al respecto lo siguiente:

"Cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono, aun en aquellos casos en que se haya otorgado el máximo de las compensaciones o ^beneficios de acuerdo con el mismo; pero en el caso de accidentes, enfermedades o muerte de los obreros o empleados no sujetos a compensación de acuerdo con este Capítulo, la responsabilidad del patrono es y continuará siendo la misma que si no existiere el presente Capítulo."

La exclusividad del remedio provista en la disposición transcrita, ha sido interpretada por nuestro -Tribunal Supremo, en el sentido de que cuando un obrero y su patrono están cobijados bajo la Ley de Compensaciones por Accidentes del Trabajo y el obrero sufre daños producto de un accidente del trabajo, como consecuencia de actuaciones negligentes, no prosperarán acciones civiles contra el patrono, y el obrero tendrá derecho a los beneficios de asistencia médica y apoyo económico que dicha ley provee. Pacheco Pietri v. Estado Libre Asociado, __ D.P.R. __ (1993), 93 J.T.S. 117, opinión del 30 de junio de 1993.
No obstante, cuando la acción originadora de los daños es de carácter intencional por parte del patrono, éste no está protegido por la inmunidad patronal provista por la Ley de Compensaciones por Accidentes del Trabajo. Pacheco Pietri v. Estado Libre Asociado, supra; Odriozola v. Cosmetics, 116 D.P.R. 485 (1985).
Las alegaciones de la demanda del presente caso, las cuales para los fines de la moción de desestimación debemos tomar como ciertas, implican la actuación intencional de la parte demandada. No estando la causa de acción instada por la parte demandante cobijada bajo la inmunidad patronal, actuó correctamente el tribunal al no desestimar la misma en atención a dicho fundamento. El primer error no fue cometido.
En cuanto al segundo error señalado, resulta pertinente la Regla 10.2 de Procedimiento Civil, supra, la cual dispone cómo y cuando se plantean las defensas que tiene una parte contra las reclamaciones que se le imputan:

*774
"Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, ya sea demanda, reconvención, demanda contra coparte, o demanda contra tercero, se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Una moción en que se formule cualesquiera de estas defensas deberá presentarse antes de alegar, si se permitiere una alegación adicional. No se entenderá renunciada ninguna defensa u objeción por haber sido formulada conjuntamente con otra u otras defensas u objeciones en una alegación respondiente o moción. Si una alegación formulare una reclamación contra la cual la parte no estuviere obligada a presentar una alegación respondiente dicha parte podrá mantener en el juicio cualquier defensa de hechos o de derecho en contra de dicha reclamación. Si en una moción en que se formulare la defensa número (5) se expusieren materias no contenidas en la alegación impugnada y éstas no fueren excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a dicha moción bajo dicha regla."

Así también la Regla 10.8 de Procedimiento Civil especifica ciertos casos en que las defensas se consideran renunciadas de no ser presentadas según se dispone. También identifica defensas que no son renunciables. A saber:

"(a) La defensa de falta de jurisdicción sobre la persona, insuficiencia del emplazamiento, o insuficiencia del diligenciamiento del emplazamiento se entenderá renunciada, (1) si no se incluye en una moción de consolidación de defensas bajo la Regla 10.7, 6 (2) si no es formulada mediante moción como se dispone en esta Regla 10, ni se incluye en una alegación responsiva o mediante una enmienda que no requiera permiso del tribunal conforme lo dispuesto por la Regla 13.1.

(b) La defensa de haber dejado de exponer una reclamación que justifique la concesión de un-remedio, la defensa de haber omitido acumular una parte indispensable como se dispone en la Regla 16, y la objeción de haber omitido exponer una defensa legal a una reclamación, pueden hacerse mediante cualquier alegación permitida u ordenada según lo dispuesto en la Regla 5.1, o mediante moción para que se dicte sentencia por las alegaciones, o en el juicio.

(c) Siempre que surja, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción sobre la materia, este desestimará el pleito."

En el caso de autos, el Municipio contestó la demanda sin haber planteado la alegación basada en la inmunidad municipal, la cual incluyó luego en su moción de desestimación. En cuanto a ello, el Artículo 15.005 de la Ley de Municipios Autónomos, supra, en lo pertinente, dispone:
No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:

"(a) En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.

(b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción."

La referida sección ofrece a los municipios una inmunidad análoga a la que ofrece el Artículo 6 de la Ley Núm. 104 de 29 de junio de 1995, conocida como Ley de Pleitos contra el Estado.
En el caso de Lind Rodríguez v. Estado Libre Asociado, 112 D.P.R. 67 (1982) nuestro Tribunal Supremo se expresó en tomo al efecto que tiene un estatuto que concede inmunidad a una parte en cuanto a la jurisdicción que tiene el foro judicial para entender en una reclamación en contra de ésta.
*775 La controversia específica en dicho caso estaba relacionada con el alcance del Artículo 41.080 del Código de Seguros, el cual exime de responsabilidad en acciones de daños y perjuicios a médicos que trabajan para el Estado o aquéllos que ejercen práctica privada, mientras actúen en el cumplimiento de su deber como empleados del Estado. Ante la alegación de que la compañía aseguradora de médico respondía por los daños causados, por no estar cobijada por la inmunida que protege al médico, el tribunal resolvió que la referida inmunidad no es una defensa personal del médico ante reclamaciones en su contra, sino inexistencia de causa de acción. No existiendo causa de acción contra el asegurado, no responde su aseguradora.
En lo que se refiere al planteamiento de que el médico renunció a plantear la inmunidad de la aseguradora, al no expresar en su contestación a la demanda que la póliza no respondía por razón de la inmunidad, el Tribunal Supremo concluyó que habiendo resuelto ya que la inmunidad no era una defensa personal, sino inexistencia de causa de acción, a la misma no se renunciaba y podía plantearse en cualquier momento.
No podemos perder de vista, que la ausencia de jurisdicción sobre la materia trae consigo las siguientes consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede levantarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Pagán Navedo v. Rivera Sierra, _ D.P.R. _ (1997), 97 J.T.S. 76, opinión de 30 de mayo de 1997; Vázquez v. A.R.P.E., _ D.P.R._ (1991), 91 J.T.S. 53, opinión de 13 de junio de 1991.
Una vez el tribunal determina que no tiene jurisdicción sobre el caso viene obligado a desestimar, por otra parte, las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. Pagan Navedo v. Rivera Sierra, supra; González Santos v. Bourns P.R., Inc., 125 D.P.R. 48, 63 (1989).
A la luz de la normativa reseñada, es forzoso concluir que el planteamiento bajo el Artículo 15.005 de la Ley de Municipios Autónomos alegando la inmunidad que impide la causa de acción, no es uno renunciable como consideró el tribunal, por tratarse de un asunto de falta de jurisdicción sobre la materia. El segundo error fue cometido. Procede que el Tribunal de Primera Instancia dilucide, en primer término, si conforme al Artículo 15.005(b) y considerando la jurisprudencia aplicable, dicho foro tiene o no jurisdicción para atender la controversia planteada.
III
Por los fundamentos expuestos, expedimos el auto y revocamos la resolución recurrida. Remítase el caso al Tribunal de Primera Instancia para que allí continúen los procedimientos en forma consistente con la presente sentencia, supra.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General