# 2001 DTA 99

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

TRUJILLO ALTO METAL CORP.
Recurrente

v.

RAFAEL CARTAGENA TORRES Y JUNTA DE PLANIFICACION
Recurridos

Núm. KLRA-00-00744

San Juan, Puerto Rico, a 22 de enero de 2001

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Juez Hernández Torres y el Juez Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante un recurso de revisión, acude ante nos Trujillo Alto Metal Corp., para solicitar que ordenemos la reapertura de un procedimiento administrativo de consulta de ubicación llevado ante la Junta de Planificación. Por resolver que Trujillo Alto Metal Corp. no notificó copia de su recurso de revisión a todas las partes dentro del término jurisdiccional establecido por ley, lo denegamos por falta de jurisdicción.

**I**

El 7 de junio de 2000, la Junta de Planificación (Junta) dictó una resolución autorizando una consulta de

ubicación para la construcción de un proyecto residencial multifamiliar en una finca con cabida de 20.48 cuerdas, en el Barrio Cuevas en el Municipio de Trujillo Alto. La resolución fue notificada por la Junta el 13 de julio de 2000.

El 18 de julio de 2000, Trujillo Alto Metal Corp. (Metal) presentó ante la Junta una moción de intervención y para que se deje sin efecto la resolución y continuación de los procedimientos. En la misma, Metal alegó ser titular de una empresa dedicada a la manufactura de productos de acero que es colindante con la finca donde se autorizó la construcción del proyecto residencial multifamiliar. La finca donde está localizada su empresa está zonificada como Industrial-2.

Además, Metal alegó que no se enteró del proceso de consulta de ubicación para la construcción de un proyecto residencial en la finca colindante donde se encuentran sus facilidades, hasta días después que la misma fue aprobada por la Junta. Añadió que ni el dueño de la finca colindante, Rafael Cartagena Torres (Cartagena), ni la firma Meléndez-Ortiz Eng. Group ■ (Meléndez-Ortiz), le notificaron correctamente del proceso de consulta de ubicación para la construcción del proyecto de viviendas, ya que todas las notificaciones dirigidas a su nombre fueron enviadas a una dirección equivocada. Por lo tanto, alegando ser una persona que podría ser afectada por la construcción de un proyecto de viviendas al lado de su fábrica de productos de acero, solicitó a la Junta que se dejara sin efecto la resolución y reabriera el proceso de consulta de ubicación para poder participar en el mismo.

El 16 de agosto de 2000, la Junta acogió la moción de Metal como una de reconsideración y dictó una resolución declarando la misma "*NO HA LUGAR*". La resolución fue notificada, el día 12 de septiembre de 2000. El 18 de septiembre de 2000, Metal presentó una moción de reconsideración a la resolución del 16 de agosto de 2000. En esta segunda ocasión, la Junta no actuó en la moción de reconsideración presentada por Metal.

No conforme con lo resuelto por la Junta, Metal presentó un recurso de revisión ante nuestra consideración. En su recurso de revisión, Metal alegó que la Junta erró al no dejar sin efecto la resolución autorizando la construcción del proyecto residencial y no reabrir el procedimiento de consulta de ubicación para que Metal pudiera participar en el mismo. En su recurso de revisión, Metal certificó que el mismo fue solamente notificado a la Junta, a Meléndez-Ortiz, a Cartagena y a la Junta de Planificación. Mientras que la Junta certificó la notificación de la resolución del 7 de julio a 119 personas diferentes y certificó la notificación de la resolución del 16 de agosto de 2000 a 121 personas diferentes. Ambas certificaciones se realizaron al final de cada resolución notificada.

El 3 de noviembre de 2000, dictamos una resolución en la que solicitamos a Metal "*mostrar causa por la que no debamos desestimar este recurso por notificación defectuosa, ya que no se ha[bía] certificado que copia del recurso se le notificara a los opositores mencionados en los párrafos 9-13 de las "Determinaciones de Hechos" de la resolución de la Junta de Planificación de 7 de junio de 2000, ni a todas las personas a quienes la Junta certificó haber notificado la Resolución, mencionadas en las páginas 10-12 del documento.*"

El 14 de noviembre de 2000, Metal presentó una moción en la que alegó, en síntesis, lo siguiente:

"*1. Que había notificado copia del recurso de revisión a la Sra. Carmen Ayala y a la Sra. Irma Carrasquillo. Acompañó la moción con copias de los recibos de envío y entrega de correo certificado a las personas antes mencionadas.*

*2. Que las personas notificadas por la Junta no eran "parte" a la luz de lo establecido en la Regla 58 de nuestro Reglamento, debido a que dichas personas notificadas eran solamente dueños de propiedades colindantes de la finca que era objeto de la consulta de ubicación.*

*3. Que la notificación del recurso de revisión a todas las personas que la Junta certificó haber notificado copia de la resolución recurrida, era un requisito innecesario y oneroso que evitaba que personas realmente interesadas pudieran solicitar la revisión de la misma.*

El 16 de noviembre de 2000, dictamos una segunda resolución en la que ordenamos a Cartagena y a la Junta a exponer su posición en cuanto lo alegado por Metal en su moción del 14 de noviembre de 2000 y su recurso de revisión. Con el beneficio de haber recibido el alegato en oposición de Cartagena y una moción de desestimación por parte de la Junta, nos encontramos en posición para resolver.

## II

El primer párrafo de la Sección 4.2 de la Ley Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. § 2172, según enmendada y mejor conocida como la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), establece lo siguiente:

*"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable a las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo."* [Enfasis suplido.]

El inciso (B) de la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones del 1 de mayo de 1996, 4 L.P.R.A. Ap. XXII-A, R. 58 (B), establece lo siguiente:

*"(B) La parte recurrente notificará el escrito inicial de revisión a los(las) abogados(as) de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al(a la) funcionario(a) administrativo(a) de cuyo dictamen se recurre, dentro del término para presentar el recurso."*

En el comentario de la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones, *Id.*, se menciona lo siguiente:

*"Hay que recalcar que tanto la presentación como la notificación son de índole jurisdiccional. Véase, Meléndez v. Corp. Urb. Quintana San Luis, Op. de 15 de enero de 1991, 127 D.P.R. __ (1991).*

*La notificación del escrito inicial, de carácter jurisdiccional, a todas las partes en el trámite administrativo del que se recurre, debe hacerse a la propia agencia o funcionario(a) de cuya regla, reglamento, orden, resolución, actuación o dictamen se recurra; y, además, a todas las partes en el trámite administrativo que así fueren reconocidas en la disposición final administrativa de que se trate."*

En resumen, a la luz de las reglas arriba citadas, es un requisito jurisdiccional que el recurrente notifique copia del escrito de su recurso de revisión a la agencia y a todas las partes del procedimiento administrativo apelado dentro del término jurisdiccional de 30 días. Si el recurrente no cumple con ese requisito, entonces el Tribunal de Circuito de Apelaciones carecerá de jurisdicción para resolver en sus méritos el recurso de revisión. Véanse, *Diócesis de Mayagüez de la Iglesia Católica Apostólica Romana v. Junta de Planificación*, Opinión de 5 de febrero de 1999, **99 J.T.S. 9**, pág. 531; *Constructora I. Meléndez, S.E. v. Junta de Subastas, Autoridad de Carreteras y Transportación de Puerto Rico*, Opinión de 14 de octubre de 1998, **98 J.T.S. 134**, pág. 156; *Ortiz Quiñones v. A.R.P.E.*, Opinión de 9 de octubre de 1998, **98 J.T.S. 131**, pág. 137; *Martínez Martínez v. Depto. del Trabajo y Rec. Humanos*, Opinión de 28 de mayo de 1998, **98 J.T.S. 63**, pág. 970; *Olmeda Díaz v. Depto. de Justicia*, Opinión de 27 de junio de 1997, **97 J.T.S. 105**, págs. 1263-1264.

En el inciso *"j "* de la sección 1.3 de la L.P.A.U., 3 L.P.R.A. § 2102 (j), *supra*, se define a una *"parte"* de la siguiente manera:

*"(j) Parte.- Significa toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de*

*una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado un petición para la revisión o cumpliendo de una orden, o que sea designada como parte en dicho procedimiento."*

A la luz de esta definición, el Tribunal Supremo ha resuelto que:

*"a tenor con la sección 4.2 de la L.P.A.U., supra, son "parte" a las cuales es necesario notificar copia de un recurso de revisión judicial: (1) el promovente; (2) el promovido; (3) el interventor; (4) aquél que haya sido notificado de la determinación final de la agencia administrativa; (5) aquél que haya sido reconocido como "parte" en la disposición final administrativa; y (6) aquél que participa activamente durante el procedimiento administrativo y cuyos derechos y obligaciones puedan verse adversamente afectados por la acción o inacción de la agencia.*

*No son "parte" a quienes tenga que notificárseles copia de los recursos de revisión: 1) el mero participante; (2) el amicus curiae; (3) aquél que comparece a la audiencia pública, sin mayor intervención; (4) aquél que únicamente declara en la vista, sin demostrar ulterior interés; (5) aquél que se limita a suplir evidencia documental; (6) aquél que no demuestre tener un interés que pueda verse adversamente afectado por el dictamen de la agencia."*

*Lugo Rodríguez v. Junta de Planificación,* Opinión de 12 de enero de 2000, **2000 J.T.S. 15**, págs. 519-520.

### III

En el recurso de autos, Metal certificó que había notificado copia de su recurso de revisión a la Junta, a Meléndez-Ortiz, a Cartagena, al Gobierno de Puerto Rico, Oficina del Gobernador, Junta de Planificación, a Irma Carrasquillo y a Carmen Ayala. En resumen, Metal solamente notificó el recurso de revisión a seis (6) personas, de las cuales cinco (5) eran partes en el procedimiento administrativo apelado. En cambio, la Junta notificó copia de la resolución apelada a 119 personas diferentes. Apéndice del recurso de apelación, anejo I, págs. 11-12 y 14. Según *Lugo Rodríguez, id.,* esto reconoce que las 119 personas notificadas por la Junta son *"partes"*, del proceso administrativo. Por lo tanto, Metal les tenía que notificar copia del recurso de revisión a todas según lo establecido en la sección 4.2 de la L.P.A.U. y la Regla 58 (B) de nuestro Reglamento, *supra*, dentro del término jurisdiccional de 30 días. Véase a *Lugo Rodríguez v. Junta de Planificación, supra*, págs. 519-520.

Como consecuencia de Metal haber incumplido la sección 4.2 de la L.P.A.U. y la Regla 58(B) de nuestro Reglamento, al no haber notificado copia del recurso de revisión a todas las partes dentro del término jurisdiccional de 30 días, *supra*, este tribunal carece de jurisdicción para resolver el mismo. Véanse, *Diócesis de Mayagüez de la Iglesia Católica Apostólica Romana v. Junta de Planificación, supra*, pág. 531; *Constructora I. Meléndez, S.E. v. Junta de Subastas, Autoridad de Carreteras y Transportación de Puerto Rico, supra*, pág. 156; *Ortiz Quiñones v. A.R.P.E., supra*, pág. 137; *Martínez Martínez v. Depto. del Trabajo y Rec. Humanos, supra*, pág. 970; y *Olmeda Díaz v. Depto. de Justicia, supra*, págs. 1263-1264.

Como la falta de jurisdicción no puede subsanarse, ni un tribunal puede arrogársela y como los tribunales apelativos tenemos el deber de ser los guardianes de nuestra propia jurisdicción, denegamos el recurso de autos. *Pagán Navedo v. Rivera Sierra,* Opinión de 30 de mayo de 1997, **97 J.T.S. 76**, pág. 1083; *Vázquez v. A.R.P.E.,* 128 D.P.R. 513, 537 (1991); y *González Santos v. Bourns P.R. Inc.* 125 D.P.R. 48, 63 (1989).

### IV

Por los fundamentos que anteceden, se declara no ha lugar el recurso de revisión de autos.

Lo acordó y ordena el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

**ESCOLIO 2001 DTA 99**

**1.** Meléndez-Ortiz promovía la consulta de ubicación ante la Junta en representación de Cartagena.