Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| INMOBILIARIA SIPAC, INC. Y SIXTO PACHECO COMO ÚNICO ACCIONISTA DE INMOBILIARIA SIPAC, INC.<br><br>Parte Apelante<br><br>v.<br><br>SAÚL SANTIAGO GONZÁLEZ, CARMEN RODRÍGUEZ SÁNCHEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Apelada | TA2025AP00449 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2024CV03666<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Comparece ante nosotros Inmobiliaria SIPAC, Inc. y su único accionista, Sixto Pacheco (en conjunto, parte apelante) mediante el recurso de epígrafe y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), la cual fue emitida el 4 de agosto de 2025, y notificada al día siguiente.[1] En el aludido dictamen, el foro primario declaró Ha Lugar la *Moción de Desestimación* presentada por la parte apelada.

Por los fundamentos que expondremos a continuación, adelantamos que se desestima el recurso por falta de jurisdicción por presentación tardía.

**I**

El 3 de octubre de 2024, la parte apelante presentó ante el TPI una *Demanda* sobre nulidad de sentencia contra Saúl Santiago González, Carmen Rodríguez Sánchez y la Sociedad Legal de Bienes Gananciales

---

[1] SUMAC, Entrada 12 en CG2024CV03666.

compuesta por ambos (parte apelada).[2] Posteriormente, el 12 de noviembre de 2024, la parte apelada compareció mediante el escrito titulado *Moción de Desestimación*.[3] Por su parte, el 3 de enero de 2025, la parte apelante presentó su *Oposición a Moción de Desestimación*.[4]

Posteriormente, el TPI emitió una *Sentencia* el 4 de agosto de 2025, notificada al día siguiente, en la cual declaró Ha Lugar la *Moción de Desestimación* presentada por la parte apelada y ordenó la desestimación con perjuicio del caso, así como el pago de honorarios por temeridad a favor de la parte apelada.[5]

Inconforme con lo resuelto, la parte apelante acude ante este foro revisor mediante recurso de apelación presentado el 16 de octubre de 2025. En su escrito expone los siguientes señalamientos de error:

> PRIMER ERROR: El foro primario aplicó la doctrina de cosa juzgada contra una parte que no fue parte del pleito previo a pesar de ser parte indispensable, abdicó su potestad de atender las alegaciones de fraude, y no aplicó el Artículo 192 de la Ley del Registro de la Propiedad, el cual confiere un derecho para impugnar una declaración de dominio.
>
> SEGUNDO ERROR: El foro primario actuó de manera contradictoria al desestimar la demanda por cosa juzgada y, simultáneamente, adjudicar a base de alegaciones la validez del pleito anterior, con el agravante de que se ignoró que el propio expediente judicial demostraba que el dictamen impugnado se fundamentó en declaraciones juradas falsas y que no se cumplieron los requisitos sustantivos de la prescripción adquisitiva.
>
> TERCER ERROR: El foro primario fundamentó la defensa de cosa juzgada en una sentencia que fue posteriormente enmendada, y que nunca advino final y firme, por no haber sido notificada conforme a derecho.
>
> CUARTO ERROR: El foro primario impuso honorarios por temeridad sin que se incurriera en una conducta que lo justificara, y omitió la cuantía de dichos honorarios en la Sentencia para luego intentar subsanar el error mediante una resolución posterior, en contravención con el ordenamiento.

---

[2] SUMAC, Entrada 1 en CG2024CV03666.
[3] SUMAC, Entrada 5 en CG2024CV03666.
[4] SUMAC, Entrada 7 en CG2024CV03666.
[5] SUMAC, Entrada 12 en CG2024CV03666.

Prescindimos por la comparecencia de la parte apelada, conforme a lo que dispone la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

**II**

**A**

Una vez una controversia es adjudicada por el Tribunal de Primera Instancia, la parte que queda adversamente afectada por la decisión emitida tiene derecho a acudir a un tribunal de mayor jerarquía y solicitar su revisión. Para ello se han establecido estatutariamente unos términos de carácter jurisdiccional, los cuales deben cumplir las partes interesadas al solicitar una apelación. Cónsono a lo anterior, es menester recurrir a la Regla 52 de Procedimiento Civil, 32 LPRA Ap. V., R. 52, que dispone las normas a seguir para estos procedimientos. En particular, la Regla 52.2(a) dispone lo siguiente:

> Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados **dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.** (Énfasis nuestro.) 32 LPRA Ap. V, R. 52.2(a).

En lo pertinente al caso ante nuestra consideración, citamos lo que dispone la Regla 72 del Tribunal de Apelaciones, como sigue:

*Regla 72 — Plazos para presentar escritos; prórrogas*

**(A) Cuando por mandato de la reglamentación aplicable, un escrito deba ser presentado ante el Tribunal de Apelaciones dentro de determinado periodo de tiempo o en un día determinado y la presentación se realice electrónicamente, el plazo vencerá a las once y cincuenta y nueve de la noche del día correspondiente. Cuando no sea posible presentar un escrito electrónicamente, este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana**

**hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables.**

(B) Cualquier solicitud de prórroga deberá ser recibida en la Secretaría del Tribunal de Apelaciones por lo menos tres días laborables antes de expirar el plazo cuya prórroga se solicita. El término para toda prórroga concedida empezará a contar desde la fecha de vencimiento del término original, a menos que el Panel que considera el caso disponga otra cosa.

(C) No se aceptarán escritos fuera de término, a menos que el Panel que considera el caso disponga otra cosa. En el caso de términos jurisdiccionales, no se concederá prórroga.

(D) Cualquier documento que requiera el pago de derechos arancelarios se entenderá presentado oficialmente en el tribunal cuando se paguen los aranceles correspondientes, de así ser requerido por ley. (Énfasis nuestro.)

La Regla 68.1 de Procedimiento Civil, dispone cómo computar el término concedido en la Regla 52.2, antes citada, como sigue:

En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. También podrá suspenderse o extenderse cualquier término por causa justificada cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad. 32 LPRA Ap. V, R. 68.1.

**B**

Es norma conocida que los tribunales debemos ser celosos guardianes de la jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991). No podemos atribuirnos jurisdicción si no la tenemos, así como tampoco las partes en un litigio nos la pueden otorgar. *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). La

ausencia de jurisdicción es insubsanable. *Id*. Por tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Analysis, Inc*., 158 DPR 345, 355 (2003).

Asimismo, "[l]as cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009) que cita a *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Además, "[a]l hacer esta determinación, debe desestimarse la reclamación 'sin entrar en los méritos de la cuestión ante sí'". *González v. Mayagüez Resort & Casino*, supra, citando que cita a *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). Ciertamente "[u]n tribunal no puede asumir jurisdicción donde no la tiene". *González v. Mayagüez Resort & Casino*, *supra*, págs. 864-865.

Un recurso tardío, al igual que uno prematuro, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre" y, por tanto, debe ser desestimado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo. Cuando ello sucede, debemos aplicar lo dispuesto en el inciso (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones, que lee como sigue: "**[e]l Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación** o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente". (Énfasis nuestro.) 32 LPRA Ap. XXII-A, R. 83(C). A tales efectos, el inciso (B) de la citada Regla establece los siguientes motivos:

1. **que el Tribunal de Apelaciones carece de jurisdicción;**
2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3. que no se ha presentado o proseguido con diligencia o de buena fe;

4.  que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
5.  que el recurso se ha convertido en académico. (Énfasis nuestro.) 32 LPRA Ap. XXII-B, R. 83(B).

**III**

La decisión de la cual recurre la parte apelante es la *Sentencia*, antes citada, emitida el 4 de agosto de 2025 y notificada a las partes el 5 de agosto de 2025. El 20 de agosto de 2025, la apelante presentó ante el TPI el escrito titulado *Moción en solicitud de reconsideración de sentencia*[6], la cual el tribunal resolvió y **notificó el 15 de septiembre de 2025**.[7] Según las reglas citadas anteriormente, el término para acudir a este tribunal intermedio es de treinta (30) días contados a partir del día siguiente a la notificación, en este caso **a partir del 16 de septiembre de 2025 y hasta el miércoles 15 de octubre de 2025**; esta fecha límite no recayó sobre un día que fuere sábado, domingo, ni día de fiesta legal, por lo cual no cabe hablar de extensión del plazo. La apelante **presentó electrónicamente el recurso de epígrafe el día 16 de octubre de 2025, por lo que fue una presentación tardía**.

Al ser este el cuadro fáctico al que nos enfrentamos, resolvemos que carecemos de jurisdicción para pronunciarnos en los méritos sobre la sentencia apelada por esta ser una decisión final y firme.

**IV**

Por los fundamentos que nos anteceden, desestimamos el recurso presentado por falta de jurisdicción por tardío.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] SUMAC, Entrada 15 en CG2024CV03666.
[7] SUMAC, Entrada 20 en CG2024CV03666.