ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| LUIS G. SANTIAGO MORALES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400477 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación Complejo Correccional de Ponce<br><br>Caso Núm.: B7-35195/1-08044<br><br>Sobre: Evaluación Plan Institucional |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece ante *nos*, Luis G. Santiago Morales (Santiago Morales o recurrente), quien se encuentra confinado en la institución Ponce Principal Fase 4 y recurre por derecho propio en forma *pauperis.* En su recurso, Santiago Morales nos solicita que revisemos la *Resolución* emitida por la Oficina de Clasificación de Confinados del Departamento de Corrección y Rehabilitación (DCR o recurrida) el 8 de julio de 2024.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de *Revisión Judicial* por falta de jurisdicción.

**I.**

Surge del expediente ante nuestra consideración que, el 15 de marzo de 2024, Santiago Morales fue evaluado por el Comité de Clasificación y Tratamiento del DCR. A esos efectos, ese mismo día, el DCR emitió un *Acuerdo del Comité de Clasificación y Tratamiento* y una *Resolución* mediante la cual denegó el cambio de custodia y, en consecuencia, ratificó la custodia mediana del recurrente.

Número Identificador

SEN2024_____

Inconforme, el 8 de abril de 2024, Santiago Morales presentó una *Solicitud de Reconsideración*. El 14 de mayo de 2024, notificada el 8 de julio de 2024, la Oficina de Clasificación de Confinados del DCR emitió una notificación mediante la cual no acogió la solicitud de reconsideración.

Inconforme aun, el 8 de agosto de 2024, el recurrente compareció ante *nos* mediante un recurso de *Revisión Judicial* y alegó la comisión del siguiente error:[1]

**Erró la C.C.T. esto al denegar ha el peticionario Luis G. Santiago Morales la reclasificación de custodia esto haciendo uso de Modificaciones Discrecional, como lo es la gravedad del delito cuando es contrario ha derecho ya que el manual 9151 en la sección 7 – reclasificación dispone los estatutos para evaluar las reclasificaciones.**

Examinada la *Revisión Judicial*, el 6 de septiembre de 2024, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrente un término de tres (3) días para acreditar la notificación. Además, se le concedió un término de veinte (20) días a la parte recurrida para que presentara su posición al recurso. El 30 de septiembre de 2024, el DCR a través del Procurador General de Puerto Rico presentó un *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC, et al.*, 2024 TSPR 69, 213 DPR \_\_\_ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas de la ASG PR*, 2024 TSPR 24, 213 DPR \_\_\_ (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. de*

---

[1] Junto a su recurso el recurrente presentó una *Solicitud y Declaración para que se Exima de Pago de Arancel Por Razón de Indigencia*.

*Yabucoa, et al.,* 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. de Yabucoa, et al., supra,* pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles,* 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage v. Fossas Blanco, et al.,* 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v.*

*Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco, et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage*, 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, et al., supra,* citando a *Maldonado v. Junta de Planificación*, 171 DPR 46 (2007).

De conformidad con lo anterior, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022); *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). La presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Así pues, la desestimación de un recurso tardío es final, por lo que priva

fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Mun. de Rincón v. Velázquez Muñiz y otros,* 192 DPR 989, 1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra*; *Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 (B) (1) y (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B, nos faculta a desestimar, *motu proprio,* un recurso por falta de jurisdicción. *Pueblo v. Ríos Nieves, supra.* Véase, además, *Yumac Home v. Empresas Massó, supra*; *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012).

### III.

En el caso ante *nos,* el 8 de agosto de 2024, Santiago Morales presentó un recurso de revisión judicial. En su recurso, solicitó la revisión de la *Resolución* emitida por la Oficina de Clasificación de Confinados del DCR el 8 de julio de 2024. Así, Santiago Morales esbozó que erró el Comité de Clasificación y Tratamiento del DCR al denegarle la reclasificación a un nivel de custodia menor.

De conformidad con los hechos aquí reseñados, a partir del 8 de julio de 2024, Santiago Morales disponía de un término jurisdiccional de treinta (30) días para presentar su recurso de revisión judicial. Así, el término vencía el 7 de agosto de 2024; sin embargo, el recurrente presentó su recurso el 8 de agosto de 2024. Por lo cual, a la luz del marco jurídico enunciado, el recurso de revisión judicial es tardío y, en consecuencia, no ostentamos jurisdicción para atenderlo.

No debemos perder de perspectiva que, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz, supra.* Esto pues, la presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Íd.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *Revisión Judicial* por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones