Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARLOS RUBÉN DÍAZ PIZARRO<br><br>Parte Demandante<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Demandada | TA2026RE00007 | *Mandamus* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Incumplimiento de la Regla 30.1 del Tribunal de Apelaciones y la Regla 195 de Procedimiento Criminal |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece ante *nos*, Carlos Rubén Díaz Pizarro (Díaz Pizarro o demandante), por derecho propio *in forma pauperis*, mediante un *Mandamus* en el cual solicita que se ordene al Departamento de Corrección y Rehabilitación (DCR o demandado) a que cumpla con la Regla 30.1 del Reglamento del Tribunal de Apelaciones[1] y con la Regla 195 de las Reglas de Procedimiento Criminal.[2]

Por los fundamentos que expondremos a continuación, se *desestima* el recurso extraordinario de *Mandamus* por falta de jurisdicción.

**I.**

El 13 de abril de 2026, Díaz Pizarro presentó el recurso de *Mandamus* de epígrafe mediante el cual solicitó que ordenemos al DCR a que cumpla con la Regla 30.1 del Reglamento del Tribunal de Apelaciones, *supra*, y con la Regla 195 de las Reglas de

---

[1] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 48, 215 DPR __ (2025).
[2] 34 LPRA Ap. II.

Procedimiento Criminal, *supra*. Además, nos solicita que ordenemos a la parte demandada a que cumpla con su deber ministerial de presentar ante este Tribunal una "Moción; Recurso; Apelación Criminal; Certiorari Criminal", que presuntamente entregó personalmente a los Superintendentes Luis Acacio Montañez, Nelson Mercado y al Comandante Sr. Vilá, para que se entregaran dentro del término para apelar.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30, 218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro

de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra*, pág. 859; *S.L.G. Szendrey-*

*Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

**B. *Mandamus***

El auto de *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa. Artículo 649 del Código de Enjuiciamiento Civil (32 LPRA sec. 3421). Un deber ministerial se refiere a un mandato específico que no admite ejercicio de discreción en su cumplimiento. *Kilómetro 0, Inc. v. Pesquera López et al.*, 207 DPR 200 (2021). Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Artículo 649 del Código de Enjuiciamiento Civil, *supra.*

Este recurso de *mandamus* se caracteriza por ser un remedio extraordinario, que no podrá dictarse en los casos en que esté disponible otro recurso adecuado y eficaz en el curso ordinario de la ley. *Colón Cortés v. Pesquera,* 150 DPR 724 (2000). Así pues, el auto de *mandamus* solamente debe expedirse cuando la persona a quien va dirigido está obligada al cumplimiento de un acto que la ley particularmente ordene como deber resultante de un empleo, cargo o función pública. Artículos 650 y 651 del Código de Enjuiciamiento Civil (32 LPRA sec. 3422 y 3423). Ello significa, que únicamente procede para ordenar el cumplimiento de un deber ministerial, que

no implica discreción en su ejercicio. *Báez Galib v. C.E.E.*, 152 DPR 382 (2000).

La expedición del auto de *mandamus* no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. Dicha expedición "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". *AMPR v. Srio. Educación, ELA*, 178 DPR 253 (2010). Así, la procedencia del *mandamus* depende inexorablemente del carácter del acto que se pretende compeler mediante dicho recurso. *Íd.*, pág. 263. Sólo procede para ordenar el cumplimiento de un deber ministerial, que no admite discreción en su ejercicio, cuando no hay otro mecanismo en ley para conseguir dicho remedio. *Acevedo Vilá v. Aponte Hernández*, 168 DPR 443 (2006).

El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente definido que debe ser ejecutado. Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida". *AMPR v. Srio. Educación, ELA, supra*, pág. 263. Por tal razón, aquella persona que se vea afectada por el incumplimiento del deber podrá solicitar el recurso. *Íd.*

Ahora bien, antes de radicarse la petición de *mandamus*, se requiere que el peticionario le haya hecho un requerimiento previo al demandado para que éste cumpla con el deber que se le exige, debiendo alegarse en la petición, tanto el requerimiento como la negativa, o la omisión del funcionario en darle curso. Sólo se exime de este requisito: 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues si de haberse hecho hubiese sido denegado; o 2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que

afecta solamente el derecho del peticionario. *Noriega v. Hernández Colón*, 135 DPR 406 (1994).

Asimismo, como requisito de forma, no solamente se requiere que la petición esté dirigida a la persona obligada al cumplimiento de un acto, sino que debe estar juramentada por la parte que promueve su expedición. *Báez Galib v. Roselló González*, 147 DPR 371 (1998). Así lo dispone la Regla 54 de Procedimiento Civil (32 LPRA Ap. V), cuando establece que: "el auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto".

Entre los factores a tomarse en consideración cuando se solicita de un tribunal la expedición de un auto de *mandamus* se encuentran: el posible impacto que éste pueda tener sobre los intereses públicos que puedan estar envueltos; evitar una intromisión indebida en los procedimientos del poder ejecutivo, y que el auto no se preste a confusión o perjuicios de los derechos de terceros. *AMPR v. Srio. Educación, ELA, supra*, pág. 268.

De otro lado, la Regla 55 del Reglamento del Tribunal de Apelaciones dispone que:

> (A) Cualquier petición para que el tribunal expida un recurso de hábeas corpus o mandamus contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:
> (1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde el recurso en conformidad con la ley y el inciso (G) de esta regla.
> (2) Un breve resumen de los hechos.
> (3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición y de las disposiciones de la ley y de la jurisprudencia aplicables.
> (4) Un argumento de las controversias planteadas.
> (5) La súplica.
> (B) En los casos en que el recurso de hábeas corpus o mandamus plantee alguna cuestión que trate sobre la comisión de algún error por un tribunal, relacionado con la suficiencia o apreciación de la prueba oral, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76 de este Reglamento.
> (C) La cubierta de la petición contendrá solamente el epígrafe, el cual identificará a la parte peticionaria y a las partes contrarias como demandadas, y el nombre, la dirección postal, el teléfono, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte peticionaria, si hubiera. Inmediatamente después, habrá un índice detallado de la petición que se ajustará a lo dispuesto en la Regla 75.
> (D) Cualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento, se unirá al final de la petición como apéndice.

(E) La petición no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el Tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(F) No se permitirá la presentación de un memorando de autoridades por separado, por lo que la argumentación y los fundamentos de derecho deberán ser incluidos en el mismo cuerpo de la petición.

(G) La petición se presentará en la Secretaría del Tribunal de Apelaciones y será asignada por el Juez Administrador o la Jueza Administradora, o el Juez Administrador Auxiliar o Jueza Administradora Auxiliar, según las normas previamente establecidas. Se considerará impropia la presentación de una petición directamente a un Juez o una Jueza del Tribunal de Apelaciones, excepto en casos de extrema urgencia cuando ni el tribunal ni la Secretaria o el Secretario estuvieren disponibles. En tales casos, ese Juez o esa Jueza podrá ejercitar individualmente los poderes que le confiere la ley, pero cuando proceda deberá referir el caso al Panel correspondiente por conducto de la Secretaria o del Secretario.

(H) La resolución del Juez o de la Jueza que haya atendido el recurso en tales casos estará sujeta a revisión por el Panel correspondiente o el designado por el Juez Presidente o la Jueza Presidenta a esos fines. Siempre que esto fuere solicitado por una parte interesada dentro de los diez días después del archivo en autos de la notificación de la resolución, dicho Panel revisará la resolución del Juez o de la Jueza y dictará lo que en derecho proceda.

(I) En todo caso en que el Tribunal de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos.

(J) La parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Cuando se trate de un recurso de mandamus dirigido contra un Juez o una Jueza para que este o esta cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, el peticionario no tendrá que emplazar al Juez o a la Jueza de acuerdo con las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos, bastará con que el peticionario notifique al Juez o a la Jueza con copia del escrito de mandamus en conformidad con lo dispuesto en la Regla 13(B) de este Reglamento. También deberá notificar a las otras partes en el pleito que originó la petición de mandamus y al tribunal donde este se encuentre pendiente, en conformidad con la Regla 13(B)

(K) A menos que en el propio auto se disponga otra cosa, la parte peticionaria tendrá un plazo de diez días, contados desde el aviso de expedición, para presentar su alegato, y las demás partes, diez días para presentar el suyo a partir de la notificación del alegato de la parte peticionaria. Los alegatos se ajustarán a las disposiciones de la Regla 73. El tribunal podrá ordenar que las partes contrarias contesten las alegaciones de la petición dentro del plazo determinado. En tal caso, el plazo para presentar el alegato de la parte peticionaria comenzará a contar desde la fecha de la notificación de la contestación.

(L) Al expedir el auto preliminar o en cualquier momento posterior, el Tribunal de Apelaciones determinará si se requiere la celebración de una vista, la cual se ventilará ante el Panel en pleno o ante cualesquiera de sus miembros. En ese caso, podrá nombrar un comisionado o una comisionada, o tomar la acción que corresponda. En tales situaciones, no se excluirá el descubrimiento de prueba y se aplicarán las normas pertinentes de las Reglas de Procedimiento Civil y de Evidencia de la misma forma que en cualquier otro procedimiento ante el Tribunal de Primera Instancia.
*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 76, 215 DPR __ (2025).

**III.**

Como cuestión de umbral, cabe recordar que el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra.* Así pues, las cuestiones relativas de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pérez Rosa v. Morales Rosado, supra.* Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018).

Así, al revisar la solicitud de *Mandamus* promovida por el demandante, surge que la misma incumple con los requisitos de forma pertinentes para su eficacia. En primer lugar, el recurso de *Mandamus* en cuestión no está juramentado según establece la Regla 54 de Procedimiento Civil, *supra.* De una revisión del expediente ante nuestra consideración, no surge evidencia alguna sobre el cumplimiento con dicho requisito. Siendo esto así, es forzoso concluir que tal incumplimiento, nos priva de autoridad para entender sobre los méritos de la causa ante *nos.*

En segundo lugar, el escrito que nos concierne tampoco cumple con los otros requisitos de la Regla 54 de Procedimiento Civil, *supra.* El breve escrito del peticionario está plagado de omisiones a las disposiciones aplicables de nuestro Reglamento, para la presentación y perfeccionamiento de los recursos ante este Foro, específicamente, la Regla 55 de nuestro Reglamento, *supra.* Esto, pues, no surge un breve resumen de los hechos, un señalamiento breve y conciso de las controversias de derecho planteadas y de las disposiciones de la ley y de la jurisprudencia aplicables.

Finalmente, resulta menester puntualizar que el hecho de que el peticionario sea confinado y comparezca por derecho propio, por sí solo, no pone en condiciones al tribunal de ejercer su función revisora, sin más. Tampoco justifica el incumplimiento de este con

las reglas procesales y los requisitos mínimos que establece el ordenamiento jurídico. *Febles v. Romar,* 159 DPR 714 (2003).

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de *Mandamus* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones